[Sac. No. 979. Department One.—February 27, 1902.]

## WALDO S. JOHNSON, Respondent, v. WALTER E. LANGDON, Secretary, etc., Appellant.

CORPORATIONS—RIGHT OF STOCKHOLDERS TO INSPECT BOOKS—MANDAMUS.—A stockholder in a corporation has the right to inspect the books, records, and journals of the corporation; and *mandamus* will lie to compel the secretary of the corporation, who is their custodian, to allow his inspection thereof.

ID.—DEFENSE—MOTIVES OF INSPECTION.—It is no defense to allege that the objects and purposes of the inspection are improper, and that the petitioner desires to injure the business of the corporation. The clear legal right given by the constitution and statute cannot be defeated by inquiry into motives.

APPLICATION for writ of mandate to the secretary of a corporation to compel permission to a stockholder to inspect the books, records, and journals of the corporation. E. A. Davis, Judge.

The facts are stated in the opinion.

W. H. Carlin, for Appellant.

J. E. Ebert, and Johnson & Redington, for Respondent.

COOPER, C.—Plaintiff, a stockholder of the corporation of which defendant is secretary, filed his verified petition for a writ of mandate to compel defendant, as such secretary, to permit him to inspect the books, records, and journals of the said corporation. After a demurrer was overruled to the complaint, the defendant answered, and in his answer set forth affirmatively that the object and purpose of the plaintiff is to injure the corporation of which defendant is secretary, and to gain information for the private use of plaintiff, in connection with two other corporations, of which plaintiff is a stockholder, engaged in a similar business to that of the corporation represented by defendant.

The court below, on motion of plaintiff, made an order striking out the affirmative portion of defendant's answer. Defendant then admitted in open court that he had refused,

and continued to refuse, to allow plaintiff, as a stockholder, to inspect the list of subscribers and advertising contracts of the corporation represented by him.

The court thereupon filed findings, upon which judgment was entered for plaintiff as prayed. This appeal is from the judgment.

It is contended by appellant that the petition does not state facts sufficient, and that the court erred in striking out the affirmative answer. A writ of mandate will issue from a superior court to any inferior tribunal, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., secs. 1085, 1086.) It is provided in the constitution that every corporation doing business in this state shall have and maintain an office or place for the transaction of its business, where transfers of stock shall be made, and in which shall be kept, for inspection by every person having an interest therein, books in which shall be recorded certain transactions. (Const., art. XII, sec. 14.)

The code requires all corporations for profit to keep a record, among other things, of all their business transactions, "such records to be open to the inspection of any director, member, stockholder, or creditor of the corporation." (Civ. Code, sec. 377.)

It is admitted that the defendant, as secretary, has charge of the books, records, and entries of business transactions of the corporation. In such matters he represents the corporation. It seems evident that it is the right of plaintiff to inspect, and the duty of defendant to allow the inspection, of the records of the corporation. As a stockholder, plaintiff is interested in all the affairs and the management of the corporation. He is, in one sense, a part owner of the assets, his part being represented by the number of shares owned by him. The corporation is a creature of the statute, and it is subject to the constitution and laws of the state under which it was incorporated, and under whose protection it transacts business. The action at law for damages is not a plain, speedy, or adequate remedy. Such action might be delayed until the judgment that might be obtained could not be enforced. The

very information sought by the stockholder, and withheld from him by the corporation, might be the basis of the action for damages. The law does not contemplate that the stockholder's right to an inspection shall be defeated, by showing that he could maintain an action for damages. The remedy by *mandamus* is the appropriate remedy of the stockholder in case of a refusal of the statutory right. (High on Extraordinary Legal Remedies, 3d ed., sec. 308, and cases cited; 2 Cook on Corporations, 4th ed., sec. 514.)

At common law the stockholders of a corporation had the right to examine, at reasonable times, the records and books of the corporation. (2 Cook on Corporations, sec. 513; *Stone v. Kellogg*, 165 Ill. 204.[1]) But the writ would not issue as a matter of course to enforce a mere naked right, or to gratify mere idle curiosity, but it was necessary for the petitioner to show some specific interest at stake rendering the inspection necessary, or some beneficial purpose for which the examination was desired. (High on Extraordinary Legal Remedies, 3d ed., sec. 310.) But the great weight of the American authorities is to the effect that where the right is statutory it is not necessary for the petition to aver or show the purposes or object of the inspection. Neither is it any defense to allege that the objects and purposes are improper, and that the petitioner desires to injure the business of the corporation. The clear legal right given by the constitution and the statute cannot be defeated by stopping to inquire into motives. If this were so, the stockholder would be driven from the certain definite right given him by the statute to the realm of uncertainty and speculation. The small stockholder—whose rights are as sacred in the eyes of the law as those of the rich owner of the majority of the stock—would be refused the right of inspection given him by the statute, and when he comes into court setting forth his rights, and the fact that he is a stockholder, and has been refused permission to inspect the books, he is met by an answer of the corporation setting forth that he is not seeking the information nor the inspection for any legitimate purpose, and that his motives are improper. In the trial of this affirmative defense witnesses are required and expenses incurred. If the court should find in favor of

[1] 56 Am. St. Rep. 240.

the corporation, and deny the petitioner's right, he is driven to an appeal. In the appellate court he is met by the rule that a finding of fact based upon conflicting testimony cannot be disturbed. Thus the certain, adequate, and summary remedy for the right given by statute is driven into the realm of uncertainty, expense, and delay. Such was not the intent of the framers of the constitution, nor of the legislature in enacting the statute. The statute is founded upon the principle that the shareholders have a right to be fully informed as to the conditions of the corporation, the manner in which its affairs are conducted, and how the capital to which they have contributed is employed and managed. The shareholder is not required to show any reason or occasion for making the examination. Nor can he be met with the defense that his motives are improper. (*People* v. *Goldstein,* 37 N. Y. App. Div. 550; *State* v. *St. Louis, etc., Ry. Co.,* 29 Mo. App. 307; *Stone* v. *Kellogg,* 165 Ill. 204;[1] *Foster* v. *White,* 86 Ala. 469; *Mitchell* v. *Rubber Reclaiming Co.* (New Jersey), 24 Atl. Rep. 406; *Weihenmayer* v. *Bitner,* 88 Md. 325; *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St. 199;[2] *Dickerman* v. *Northern Trust Co.,* 176 U. S. 190.)

It may be conceded that cases may arise in which a small stockholder, largely interested in some other corporation, desires the information for improper purposes. But we cannot presume such purpose or motive, nor can we allow it as a defense to an application for a writ of mandate. We must presume that the owner of part of the stock of a corporation is interested in its welfare and prosperity; that he desires to know the condition of its business affairs, for the same reason that any prudent business man would desire to know the condition and management of his private affairs. If the corporation might be injured in certain cases, it is no more than is often the case with private owners of property. The law will presume that any damage done by a stockholder to the corporation of which he is a member can be recovered in an action at law. When a case arises in which the stockholder has obtained information of a secret nature, and furnished it to a rival company or corporation, to the injury and damage of the corporation from whom the information is obtained, it

---

[1] 56 Am. St. Rep. 240.          [2] 78 Am. St. Rep. 707.

will be time to deal with it.   We do not think public policy demands that such defense can be made to a clear legal right.

We advise that the judgment be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foreging opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.