HENRY O. HARKNESS, Respondent, v. J. W. GUTHRIE, A. R. HEYWOOD, HENRY CONANT, EDWARD CONANT, PATRICK HEALY, RICHARD T. HUME and O. M. RUNYON, Appellants.

### No. 1498.   (75 Pac. 624.)

1. **National Banks: Visitorial Powers: Stockholders: Examination of Books: Common Law.**
   The right of inspection is a common law right, and, unless restricted by statute or the corporation's charter, will not be denied when sought by a stockholder for a proper purpose. Visitorial powers and the stockholders' right of inspection are not one and the same thing.

2. **Same: Statutes: Construction.**
   An application by a bona fide stockholder of a national bank to examine its books, accounts, loans, etc., in order to determine the value of his stock, is not a visitation of the corporation, within Revised Statutes U. S., section 5241 (U. S. Comp. Stat., 1901, p. 3517), providing that no national banking association shall be subject to any visitorial powers, etc., so as to prevent the stockholder from obtaining such relief under Revised Statutes Utah, section 329, declaring that all books, of any corporation shall be subject to the inspection of any bona fide stockholder at all reasonable hours.

### (Decided February 9, 1904.)

Appeal from the Second District Court, Weber County. —*Hon. H. H. Rolapp,* Judge.

Application by the plaintiff for mandamus against the defendants, as officers of the Commercial National Bank of Ogden, to compel them to permit plaintiff to inspect the books, accounts and loans of the bank. From an order granting the writ after hearing, the defendants appealed.

AFFIRMED.

*Messrs. Heywood & McCormick* for appellants.

*Messrs. Henderson & Macmillan* for respondent.

BASKIN, C. J.—On the application of the plaintiff, an alternative writ of mandamus was issued, commanding the defendants to permit the plaintiff to inspect all of the books, accounts, and loans of the Commercial National Bank of Ogden City, Utah, or show cause on the 25th day of April why they had not done so. On the day mentioned the defendants appeared, and, in answer to plaintiff's affidavit and the alternative writ, alleged "(1) that this court has no jurisdiction to hear or determine any of the matters complained of by plaintiff, or any issue that could be joined thereby; (2) that the matters complained of by plaintiff do not constitute a cause of action of any kind against these defendants, or any of them; (3) that the plaintiff is not entitled to the relief prayed for in his said action, or any relief, and that the court has no jurisdiction to grant the relief which plaintiff seeks."

The material facts alleged in the affidavit of the plaintiff upon which the alternative writ was issued, and upon which at the hearing a mandatory writ was granted, are as follows: That the defendants are the officers of the bank, and that the books, accounts, and notes are in possession and under the control of defendants; that the plaintiff is a stockholder in said bank, and, as such, "on or about the 1st day of February, 1903, made a demand upon said directors, and also upon said J. W. Guthrie, as president, A. R. Heywood, as vice president and general manager of said bank, and also upon R. T. Hume, as assistant cashier of said bank, for permission to permit affiant to inspect all books, accounts, and loans of said bank, and affiant made demand for such inspection at such time or times as would not interfere with the proper conducting and operating of said bank; that each and all of said persons refused permission to affiant to inspect the books, accounts, and loans of said bank at any time or at all, and still refuses to permit such inspection; that he seeks this inspection for the purpose of ascertaining the value of his stock in said bank, and for the purpose of ascertaining

whether the business affairs of said bank have been properly conducted according to law; that loans have been made to a favored few of the patrons of said bank of more than one-tenth of the capital stock to each of said patrons, which is contrary to law; and that he believes the said directors and officers of said bank have been guilty of other irregularities, which can only be stated after an inspection of the books, accounts, and loans of said bank.''

The only question involved is shown by the following quotation from appellants' brief, to-wit: ''At the trial the only issue presented was whether a stockholder of a national bank created and controlled by acts of Congress possesses the same powers and rights of access to and inspection of the books as are possessed by the stockholders of other corportions.''

The right of inspection is a common law right, and, unless restricted by statute or the corporation's charter, will not be denied when sought by a stockholder for a proper purpose. The provision that ''all books of any corporation shall at all reasonable hours be subject to the inspection of any bona fide stockholder,'' contained in sec. 329 of the Revised Statutes of Utah of 1898, does not restrict the common law right, but is in harmony therewith. Therefore, unless, as claimed by appellants' counsel, inspections of the character sought in this case are prohibited by the following provisions of the national bank act (sec. 5241, R. S. U. S. [U. S. Comp. St. 1901, p. 3517]), viz., ''no association shall be subject to any visitorial powers other than such as are authorized by this title, or are vested in courts of justice,'' the writ in question was properly granted. Visitorial powers and the stockholders' right of inspection are not one and the same thing. In 7 Am. & Eng. Ency. Pl. & Pr. 855, visitation of corporations is correctly defined, and its purposes aptly stated as follows: ''By 'visitation of corporations' is meant the act of examining into its affairs. The person authorized to make such examination is called the visitor. The pur-

pose of visitation is to supervise, direct, and control the management of the corporation.'' Numerous cases and authorities are cited which support the text.    See, also, text and cases cited in 1 Abbott's Digest of Law of Corp. 873.    The visitorial power over private eleemosynary corporations vests in the founder or his heirs, but they may appoint others to act.    In the United States visitorial power over all except private eleemosynary corporations existing under and by virtue of the laws of a State vests in the State, and, as to those .formed under an act of Congress, it vests in the general government, and is exercised through the medium of the courts, or by visitors appointed for that purpose by or in pursuance of statutes. It is correctly stated in Merrill on Mandamus, section 175, that ''visitors of corporations have power to keep them within the legitimate sphere of their operations, and to correct all abuses of authority, and to nullify all ·irregular proceedings.  In America there are very few corporations which have private visitors, and, in the absence of such, the State is the visitor of all corporations.''   The common-law right of inspection by the stockholder is a personal privilege arising from his ownership of stock of the corporation, and can be exercised for any legitimate purpose beneficial to him, without any special appointment for that purpose; but he can not, in its exercise, as the State, through the medium of the courts, or a visitor, may do, interfere with or direct the general operations of the corporation.    The difference between the visitorial powers over corporations and the stockholder's right of inspection is obvious.    We are clearly of the opinion that section 5241 of the Revised Statutes of the United States, before quoted, does not apply to, or in any way affect, the common-law right of stockholders.  Winter v. Baldwin, 89 Ala. 483, 7 South. 734; Matter of Tuttle v. Iron Nat. Bank, 170 N. Y. 9, 62 N. E. 761.

The judgment granting the writ of mandamus is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.