LARGE v. CONSOLIDATED NAT. BANK.

(Circuit Court, S. D. New York. January 24, 1905.)

1. JURISDICTION OF FEDERAL COURTS—MANDAMUS—AMOUNT IN DISPUTE.
    On an application to a federal court by a shareholder in a national banking association for a writ of mandamus to compel the association to permit him to inspect a list of its shareholders, based on Rev. St. § 5210 [U. S. Comp. St. 1901, p. 3498], the pleadings must show that the matter in dispute exceeds the value of $2,000 to give the court jurisdiction.
    [Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. SAME—ORIGINAL ACTION FOR MANDAMUS.
    A federal court has power to issue a mandamus only in the exercise of a jurisdiction to which such proceeding is ancillary.
    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 803.]

Petition for Writ of Mandamus.

Morris J. Hirsch, for the motion.

Mr. Hill, opposed.

WALLACE, Circuit Judge. This is an application for a mandamus to compel the defendant to permit the plaintiff to have an inspection of its list of shareholders, granted upon section 5210 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3498]. It must be denied for two reasons:

First. It does not appear by the petition that the matter in dispute exceeds the value of $2,000. The only averment from which the amount in controversy can be ascertained is that the plaintiff is the registered owner of 10 shares of the capital stock of the defendant. The controversy is, therefore, not one of which this court has jurisdiction.

Second. This court has power to issue a mandamus only in the exercise of a jurisdiction to which it is an ancillary proceeding. Notwithstanding the very cogent reasons given in the dissenting opinion in Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743, to the contrary, the judgment in that case must be accepted as controlling upon this court.

The petition is denied.