. [Civ. No. 84. First Appellate District.—January 11, 1906.]

## JOHN GAVIN, Respondent, v. PACIFIC COAST MARINE FIREMEN'S UNION OF SAN FRANCISCO, Appellant.

CORPORATIONS—INSPECTION OF BOOKS—MANDAMUS—EVIDENCE OF BENEVOLENT PURPOSES.—Under section 14, article XII of the constitution, every corporation other than religious, educational or benevolent, is required to maintain an office, in which shall be kept, for inspection . by every person having an interest therein, books in which shall be recorded the amount of capital stock subscribed, the amount of its assets and liabilities, etc.; and in a proceeding in *mandamus* by a member of a corporation to compel an inspection of its books, the corporation, if it desires to avoid an inspection on the ground that it was organized for benevolent purposes, must prove as well as aver that fact.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. W. Foote, and J. J. Lermen, for Appellant.

George D. Collins, for Respondent.

COOPER, J.—This appeal is from a judgment awarding a peremptory writ of mandate to plaintiff, commanding the defendant, its officers and agents, to permit plaintiff, and anyone he desires to assist him, to examine, take copies of and inspect the books, records and papers of defendant corporation. The court found that the plaintiff was at the times mentioned in his petition, and now is, "a member of said defendant corporation and in good standing therein; that on the eleventh day of March, A. D. 1902, and at the office of the said corporation in the said city and county of San Francisco, and during office hours of the said corporation, the said petitioner, John Gavin, demanded of the said corporation and of the said defendant, John Bell, the secretary of said corporation, an inspection and an opportunity to take a copy of the said books and papers of the said corporation, and for the purpose of making an examination thereof. That

thereupon and in response to the said demand, said John Bell, secretary of the corporation as aforesaid, knowingly and willfully refused to give your petitioner, John Gavin, a reasonable or any opportunity to inspect or take a copy of any of the said books and papers of the said corporation.''

We have examined the evidence and are of opinion that it is sufficient to support the findings. It has been held, upon a review of the authorities, that a stockholder in a corporation has a right to inspect the books, records and journals of the corporation, and that upon refusal *mandamus* will lie to compel such examination. (*Johnson* v. *Langdon,* 135 Cal. 624, [87 Am. St. Rep. 156, 67 Pac. 1050].) Appellant claims that section 378 of the Civil Code, and the doctrine of the above case, give the rule applicable to corporations organized for profit only, and not to benevolent or charitable corporations. But we do not think the rights of the parties to this action depend upon said section alone, but also upon section 14, article XII of the constitution, which provides that ''every corporation other than religious, educational or benevolent . . . shall have and maintain an office or place in this state for the transaction of its business, where transfers of stock shall be made, and in which shall be kept, for inspection by every person having an interest therein . . . books, in which shall be recorded the amount of capital stock subscribed, . . . the amount of its assets and liabilities,'' etc. (*Johnson* v. *Langdon, supra.*) In this provision a general rule is stated, giving a right to an inspection, to which there are certain exceptions, namely, in the case of religious, educational and benevolent corporations. Under this provision, and the rule that one who relies upon an exception to the general rule must state the facts which bring his case within it (*Senter* v. *Davis,* 38 Cal. 450), a party denying the right to inspect would be required to plead the facts bringing his case within the exception. The parties to this action, in framing their pleadings, seem to have correctly apprehended the rule. Plaintiff, by his averments, brought himself within the general rule as laid down in the section of the constitution above referred to; while the defendants in their answer, to avoid the effect of plaintiff's averments, set up that the defendant corporation was and is organized for benevolent purposes, but failed to offer any proof in support of this averment.

The judgment in this case awards an inspection of such books as should show the assets and liabilities of the corporation defendant. The findings are in accord with the averments of the complaint, and for the reasons above set forth support the judgment.

The judgment and order denying the motion for a new trial are affirmed.

Harrison, P. J., and Hall, J., concurred.