[Civ. No. 1821. Second Appellate District.—November 3, 1915.]

## W. F. POOR, Respondent, v. GEORGE E. YARNELL et al., Appellants.

CORPORATIONS—INSPECTION OF RECORDS—LIST OF NAMES AND ADDRESSES OF STOCKHOLDERS—RIGHT OF STOCKHOLDER.—A stockholder of a corporation is entitled to inspect a list of the names and addresses of stockholders of the corporation which is in the custody of the secretary and assistant secretary and which was prepared by order of the board of directors; and *mandamus* will issue at the instance of said stockholder to compel such inspection; nor does the fact that the stockholder in his desire to inspect the list was actuated and prompted by an improper motive affect the question.

ID.—BOARD OF DIRECTORS—DUTIES OF.—The board of directors as officers of the corporation are trustees of the stockholders and cannot, without being guilty of fraud, secure to themselves advantages not common to the latter.

ID.—RECORDS—DUTY TO KEEP—RIGHT OF INSPECTION.—Section 377 of the Civil Code requires all corporations for profit to keep a record of their business transactions, which shall embrace every act done or ordered to be done; and section 565 of the Penal Code makes it a misdemeanor for any officer having custody of such records to refuse to allow a stockholder to inspect the same.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

R. P. Jennings, and Ford & Hammon, for Appellants.

Thomas A. Sanson, and Duke Stone, for Respondent.

SHAW, J.—This is an appeal from an order of court granting a writ of mandate directing defendants, as officers and agents of the Federal Mortgage & Bond Company, a corporation, wherein plaintiff was a stockholder, to permit him to inspect certain corporate records, consisting of a list of the names and addresses of defendants' stockholders.

It appears "that, among other records kept by said corporation showing their business transactions, is a record showing the list and addresses of the stockholders of said corporation, and which list and addresses of stockholders is now and was at the times hereinafter complained of, in the care, custody, and control of said secretary and assistant secretary, or a person acting directly for and under the direction of said secretary and assistant secretary," which list, as shown by the return of defendants to the alternative writ, "the board of directors of said corporation have caused to be compiled for their own convenience, . . . and which is not a record of said corporation, and which is not required to be kept by law or by the by-laws of said corporation." It is admitted that defendants refuse to permit plaintiff to inspect this list of names and addresses, the reason assigned for such refusal being that the purpose of such inspection is not to benefit the corporation, but to injure and embarrass it in the transaction of its business. The court overruled a demurrer interposed to the petition and held the return insufficient in any statement of facts constituting a reason for not granting the writ.

The contention of appellants is that the record was not one required by law to be kept by the officers of the corporation, and hence petitioner was not entitled to an inspection thereof. In our opinion, the contention is wholly without merit. The board of directors as officers of the corporation are trustees of the stockholders "and cannot, without being guilty of fraud, secure to themselves advantages not common to the latter." (Bigelow on Fraud, p. 248; *Farmers' & Merchants' Bank* v. *Downey,* 53 Cal. 468, [31 Am. Rep. 62].) The list containing the names and post-office addresses is shown to have been prepared by order of the board of directors acting as trustees for petitioner, who as principal was clearly entitled to inspect the list made at his expense and presumably for his benefit by his agents. Section 377 of the Civil Code, requires all corporations for profit to keep a

record of their business transactions, which shall embrace every act done or ordered to be done: and section 565 of the Penal Code, provides that "Every officer or agent of any corporation, . . . who has in his custody or control any book, paper, or document of such corporation, and who refuses to give to a stockholder or member of such corporation, lawfully demanding, during office hours, to inspect or take a copy of the same, or any part thereof, a reasonable opportunity so to do, is guilty of a misdemeanor." That petitioner as a stockholder in the corporation was entitled to have the writ issue, to our minds, admits of no doubt. Nor does the fact alleged in the answer, that in his desire to inspect the list he was actuated and prompted by an improper motive, affect the question. "The clear legal right given by the constitution and the statute cannot be defeated by stopping to inquire into motives." (*Johnson* v. *Langdon,* 135 Cal. 624, [87 Am. St. Rep. 156, 67 Pac. 1050].)

The judgment is affirmed.

Conrey, P. J., and James J., concurred.