[Civ. No. 2243.   Second Appellate District.—November 12, 1917.]

EMILY B. WEBSTER, Appellant, v. BARTLETT ESTATE COMPANY (a Corporation), et al., Respondents.

CORPORATION LAW — INSPECTION OF BOOKS — RIGHT OF STOCKHOLDER—MANDAMUS.—A stockholder of a corporation has the right to inspect the books of the corporation, and such right may be enforced by writ of mandate.

ID.—BONA FIDE STOCKHOLDER—BENEFICIAL INTEREST IN SHARES UNNECESSARY.—One may be a *bona fide* stockholder without having any beneficial interest in the shares.

ID.—INSPECTION OF BOOKS BY BONA FIDE STOCKHOLDER—CODE AMENDMENT NOT RETROACTIVE.—The amendment of 1917 to sections 377 and 378 of the Civil Code, restricting inspection of corporate books to *bona fide* stockholders, is inapplicable to a case arising before the adoption of the amendment.

ID.—TRANSFER OF STOCK TO QUALIFY DIRECTOR — BONA FIDE STOCKHOLDER.—The mere fact that shares of stock are transferred to a person in order to qualify him to be a director of a corporation does not tend to prove that he is not a *bona fide* stockholder.

ID.—HOLDING OF STOCK IN TRUST—LIABILITY.—A person who holds shares of stock actually issued to him and duly registered in his name on the books of the corporation incurs definite liabilities to the corporation, as well as to its creditors, even though he in fact holds such stock in trust for other persons.

ID.—TRANSFER OF STOCK TO QUALIFY DIRECTOR—RIGHT OF INSPECTION OF BOOKS.—Prior to the amendment of 1917 to sections 377 and 378 of the Civil Code, a person holding a share of stock in her own name on the corporate books had the right to inspect the books though the share belonged to another and was transferred to her solely for the purpose of qualifying her as a director of the corporation.

ID.—USE OF INFORMATION—INJURY OF CORPORATION—RIGHT OF INSPECTION UNAFFECTED.—Prior to the amendment of 1917 to sections 377 and 378 of the Civil Code, inspection of corporate books could not be denied to a stockholder on the ground that the stockholder intended to use the information to the corporation's injury.

APPEAL from a judgment of the Superior Court of San Diego County.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

E. S. Torrance, Charles P. Pritchard, and Warren E. Libby, for Appellant.

Sweet, Stearns & Forward, for Respondents.

CONREY, P. J.—The plaintiff appeals from a judgment denying her petition for a writ of mandate whereby it was sought to compel the defendants to permit the petitioner to inspect and examine the books, records, and journals of defendant corporation. The action was commenced on May 31, 1916, after demand for such inspection and examination, which demand was refused by the defendants. The judgment was entered on the first day of July, 1916, and appeal taken within sixty days thereafter.

On the twenty-fifth day of June, 1907, one share of stock of defendant corporation was issued to appellant, and at all times thereafter said share of stock was in her name on the books of the corporation. Said demand was made by appellant as a stockholder and is based upon her alleged rights as a stockholder. The answer of defendants to the petition does not deny the facts above stated, but alleges that said share of stock, which was transferred to appellant by one E. Bartlett Webster, was transferred to and held by appellant solely for the purpose of qualifying her as a director of the corporation; that she paid no consideration therefor, and that she received said certificate upon the understanding and agreement between her and E. Bartlett Webster that the share of stock was the property of E. Bartlett Webster and would be returned to him upon demand or upon her ceasing to be a director of defendant corporation. The answer further alleged that if petitioner had made her demand as director of the corporation and had claimed and admitted that she was such director, defendants would have accorded her such inspection and examination, and that her demand was refused because she based her claim of right solely upon the ground that she was a stockholder. The court in its findings of fact declared that said certificate of stock, although issued to and standing on the books of the corporation in the name of appellant, was in reality the property of E. Bartlett Webster and was held by appellant for him upon the terms and conditions and for the purposes set out in the answer, as above stated; that appellant is not now and never has been, since on or about the twenty-fifth day of June, 1917, a *bona fide* stock-

holder or the owner or holder of any of the shares of the capital stock of the corporation, "and is not a stockholder of said defendant corporation, Bartlett Estate Company, so as to entitle her to demand or have the right to inspect and examine the books, records, and journals of said defendant corporation." No demand for the return or retransfer of the certificate was ever made by E. Bartlett Webster. At the trial the plaintiff duly made and preserved all legal objections to the evidence offered by the defendants and received by the court showing the conditions and circumstances under which the certificate of stock was issued to the plaintiff.

It is not denied, and it may not successfully be denied, that a stockholder of a corporation has the right to inspect the books of the corporation. This is a common-law right which also is recognized by statute in this state and which may be enforced by writ of mandate. (*Hobbs* v. *Tom Reed Gold Min. Co.,* 164 Cal. 497, [43 L. R. A. (N. S.) 1112, 129 Pac. 781].) The contention of respondents is that this right is confined to *bona fide* stockholders; that one who is not the real and beneficial owner of stock is not a *bona fide* stockholder, even though he holds certificates of stock duly registered in his name on the books of the corporation; and that the corporation has the right to go behind the fact of apparent ownership as shown by the books and may refuse inspection of its books, if the demanding stockholder is not in fact the real and beneficial owner of the shares. Counsel for respondents have quoted to us and used in their argument sections 377 and 378 of the Civil Code, as amended in the current year 1917, whereby the right of inspection of corporation records theretofore prescribed as the right of any stockholder is now given to any *bona fide* stockholder. Whatever the effect of these amendments may be, they can have no bearing upon this case, for all rights to be determined herein depend upon the law as it was before these amendments were adopted. Moreover, it is well-settled law that one may be a *bona fide* stockholder without having any beneficial interest in the shares. (*Royal Consolidated Min. Co.* v. *Royal Consolidated Mines Co., Ltd.,* 157 Cal. 737, [137 Am. St. Rep. 165, 110 Pac. 123].)

Since the defendants by their answer claim that appellant when she made her demand was a director of the corporation, they necessarily admit her status as a stockholder, since only

stockholders of corporations may be directors thereof. The mere fact that shares of stock are transferred to a person in order to qualify him to be a director of the corporation does not tend to prove that he is not a *bona fide* stockholder. In 7 Ruling Case Law, section 413 of the title on Corporations, authorities are cited supporting the rule as stated in the text, as follows: ''As a general rule, however, the statutes, charter, or by-laws governing the corporation provide that the directors shall be stockholders, and where such is the requirement it is essential to render a person eligible to the office of director that he be an owner of stock in fact; and while the courts are not disposed to construe such requirement so strictly as to inhibit the transfer of stock for the express and avowed purpose of qualifying the transferee for election to the office of director or trustee, yet such rule is limited to a transfer in good faith and does not apply to render eligible one to whom stock is transferred solely for the purpose of qualifying him, the stock being immediately assigned back to the true owner in blank, though his name remains on the corporate books as a stockholder.''

A person who holds shares of stock actually issued to him and duly registered in his name on the books of the corporation, incurs definite liabilities to the corporation, as well as to its creditors, even though he in fact holds such stock in trust for other persons. Such stockholder is personally liable to the corporation on account of assessments levied upon the stock. (*La Habra Oil Co.* v. *Francis, ante,* p. 168, [169 Pac. 401].) In *Market St. Ry. Co.* v. *Hellman,* 109 Cal. 571, [42 Pac. 225], it was declared that a trustee must be deemed the legal owner of the stock, and ''as against the corporation and all the world, except his *cestui que trust,* no inquiry may be made touching his actions in the premises.''

According to the provisions of section 322 of the Civil Code, the creditors of a corporation may not proceed to enforce (under circumstances therein stated) the statutory stockholders' liability against pledgees or trustee, but are limited to proceeding against the equitable owner. But the rule so provided does not apply in favor of one who takes the stock and holds it unqualifiedly in his own name. In *Hurlburt* v. *Arthur,* 140 Cal. 103, [98 Am. St. Rep. 17, 73 Pac. 734], where consideration was given to the terms of section 322 of

the Civil Code, it was held that so long as a stockholder appears as such on the books of the corporation, there being nothing shown thereon to indicate that he does not hold as owner, he is subject to the stockholders' liability to the creditors of the corporation.

Obligations and liabilities carry with them concurrent rights. Since a stockholder who holds stock as, according to the findings of the court, the plaintiff held her stock in this case, is liable to pay assessments and is liable to creditors for a proportionate share of debts of the corporation, such stockholder is reasonably and legitimately entitled to the right of inspection and examination of its books and business. The appellant having established her status as a stockholder, defendants were not entitled to impose upon her a condition having reference to another matter, such as that she admit that she was a director of the corporation and make her demand as such director.

By their answer defendants alleged that the plaintiff's demand was not made in good faith and was made solely for the purpose of harassing the defendant corporation and said defendant E. Bartlett Webster, and in the hope that she might discover evidence which would be of use and benefit to her in other actions against them. No finding of fact concerning these allegations was made by the court. Counsel for respondents in their brief refer to evidence showing the existence of such adverse litigation, and insist that it tends to show that appellant is seeking to obtain information which she intends to use to the injury of the corporation. They refer us again to the amendment to section 377 of the Civil Code as adopted in 1917, where some provision is made for denial of the right of inspection, upon a satisfactory showing that the stockholder demands the same with intent to use the information to the injury of the corporation. As we have said before, statutory amendments of 1917 are not available for the purpose of this case, and the amendment mentioned would not protect the respondents here, even if the court had found that such satisfactory showing of injurious intent had been made. The indicated evidence could not properly be received or considered in aid of the claimed purpose of defendants. In *Johnson* v. *Langdon*, 135 Cal. 624, [87 Am. St. Rep. 156, 67 Pac. 1050], which was a proceeding like that in the case at bar, a similar affirmative defense was offered,

and the court struck from the answer said affirmative portion thereof. This ruling was sustained. The supreme court said that "the great weight of the American authorities is to the effect that where the right is statutory it is not necessary for the petition to aver or show the purposes or object of the inspection. Neither is it any defense to allege that the objects and purposes are improper, and that the petitioner desires to injure the business of the corporation. The clear legal right given by the constitution and the statute cannot be defeated by stopping to inquire into motives." That decision was followed by this court in *Poor* v. *Yarnell,* 28 Cal. App. 714, [153 Pac. 976]. Article XII, section 14, of the state constitution requires that the corporation books be kept "for inspection by every person having an interest therein." While we have based our discussion entirely upon the status of appellant as a stockholder, it may here be worthy of note that immediately prior to the transfer to appellant of said one share of stock she transferred to E. Bartlett Webster four hundred shares of stock of the same corporation; that part of the consideration therefor was paid by giving her his promissory note for seventy-one thousand two hundred dollars, pledging the four hundred shares to her as security for said note; that there is no evidence that said note has been paid or said pledge released. It does not appear, however, that the facts concerning such pledge are shown upon the books of the corporation.

The judgment is reversed.

James, J., and Works, J., *pro tem.,* concurred.