[S. F. No. 13955. In Bank.—February 25, 1931.]

RODOLFO CHRIST, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISO et al., Respondents.

George G. Olshausen and John B. Ehlen for Petitioner.

Orrick, Palmer & Dahlquist, Garret W. McEnerney and Andrew F. Burke for Respondents.

THE COURT.—A hearing was granted in this cause after decision by the District Court of Appeal (First District, Division Two) [287 Pac. 560, 561]. After further consideration of all of the issues involved we adopt the following portions of the opinion of the District Court of Appeal, of which Mr. Presiding Justice Nourse was the author, as the opinion *pro tanto* of this court:

"This is an original proceeding in *mandamus* to require the Superior Court to issue a commission for the taking of testimony of two witnesses upon letters rogatory issued out of a court of record of Guatemala.

"The letters rogatory were presented to respondent court showing that the petitioner represented to the Guatemala court that he was about to commence an action against Adolfo Stahl and The American Finance and Commerce Company, for which it was necessary that the depositions of J. Beaumont and Frank L. Jackson, residing in the city and county of San Francisco, be taken. In the proceeding before the Guatemalan court the general nature of the questions to be asked these witnesses was stated, accompanied by a showing of the materiality of their testimony. This showing having been made to the respondent court, an order that the deposition of Frank L. Jackson be taken was made and a subpoena was issued pursuant to said order. Thereafter a motion was made on behalf of said witness to quash said subpoena upon the grounds that the respondent court had no jurisdiction to make the order. This motion was granted and respondent has since refused to take any other steps to compel attendance of said witness for the taking of his deposition in response to the letters issued by the Guatemalan court.

"Preliminarily respondents argue that this is not a proper case for *mandamus* because the petitioner has another remedy by appeal from the order to quash the subpoena. The remedy by appeal, conceding that there is such, is not always an answer to a petition for *mandamus*. This writ must be issued when 'there is not a plain, speedy, and ade-

quate remedy in the ordinary course of law' (sec. 1086, Code Civ. Proc.) ; that the right of appeal is not always a speedy or adequate remedy is well settled. (*San Francisco Gas & Elec. Co.* v. *Superior Court,* 155 Cal. 30, 39 [17 Ann. Cas. 933, 99 Pac. 359].)

▉ "It is also argued that the petition is insufficient because it fails to allege a specific demand upon the respondent court to issue a new subpoena. Such a demand is excused when it appears that demand, if made, would have been futile. Here the petition alleges that the respondent refuses to take any steps whatever to compel the witness to attend the taking of his deposition and the answer admits this to be true. It thus appears that a formal demand for the relief prayed for would have been futile because the respondent court conceived that it was without jurisdiction to grant this relief. Such a demand was, therefore, unnecessary. (16 Cal. Jur. pp. 771, 772.) . . .

"Upon the merits of the case it is argued that the Superior Court is without jurisdiction to recognize the letters rogatory or to issue a subpoena for the taking of the deposition because it appears on the face of the petition that there is no action pending in the Guatemalan court. The authority to issue the commission upon letters issued out of a foreign jurisdiction is found in section 2036a, Code of Civil Procedure. That section provides that witnesses may be compelled to appear and testify in the same manner and by the same process as may be employed for taking testimony for proceedings pending in this state. Section 2021 of the same code provides that the testimony of a witness in this state may be taken by deposition in an action any time after the service of summons and in a special proceeding after a question of fact has arisen therein. If this were the only provision for the taking of a deposition of a witness in proceedings pending in this state the argument of respondent would be sound, but sections 2083 et seq. of the same code provide a complete method for the taking and perpetuation of the testimony of a witness when no other action is pending. Section 12084 permits the Superior Court to issue a commission for that purpose upon a petition showing 'that the applicant expects to be a party to an action in a court in this state, and in such case, the names of the persons whom he expects will be adverse parties . . . and the

name of the witness to be examined, his place of residence and a general outline of the facts expected to be proved'.

"Respondent relies upon section 2035, Code of Civil Procedure, which provides that 'Any party to an action or special proceeding in a court or before a judge of a sister state, may obtain the testimony of a witness residing in this state, to be used in such action or proceeding'. It is argued that section 2036a must be read in connection with 2035 so that a commission shall not issue upon letters coming from a foreign jurisdiction to a better advantage than upon letters coming from a sister state of the United States, and that under the provisions of section 2035 such a commission cannot issue in any case except where an action or special proceeding is pending in the sister state. If it were conceded that such should be the proper interpretation of section 2036a, this would not aid the respondent. Under the provisions of section 2035, relating to depositions upon letters coming from a sister state, and under section 2021, relating to proceedings pending in this state, the commission to take a deposition of a witness is authorized whenever an action or a special proceeding is pending. It is true that under section 2021 a commission may not issue in a special proceeding until after a question of fact has arisen, but the term 'special proceeding' as used in that section must be interpreted as including all special proceedings other than those to perpetuate testimony which are specially covered by sections 2083 et seq. of the same code. Thus when proceedings to perpetuate testimony are instituted under the provisions of the later sections the deposition is to be issued in the manner therein prescribed, but there is no reason for holding that the term 'special proceeding' as used in section 2035 in reference to matters pending in a sister state does not apply to both characters of special proceedings—those referred to in section 2021 and those referred to in sections 2083 et seq. of the code.

"Therefore, if we are to read section 2036a with section 2035, the construction of the latter section must be that a commission to take testimony may issue upon letters from a foreign jurisdiction showing the pendency of either an action or special proceeding as the latter term is used in our code.

■ "On the record before us we must presume in the absence of a contrary showing that the law of Guatemala is the same as that of California. (*Wickersham* v. *Johnston*, 104 Cal. 407 [43 Am. St. Rep. 118, 38 Pac. 89]; 5 Cal. Jur. 431.) We must, therefore, presume that the proceedings instituted in Guatemala are like the proceedings authorized by section 2083 et seq. of the Code of Civil Procedure, and that they are pending until such testimony is completed and the deposition duly filed with the court out of which the commission issued.

"We do not deem it necessary to discuss the authorities cited from federal and other jurisdictions for they are all based upon statutes in nowise similar to the code sections above noted. The question presented here is simply one of interpretation of those code sections in which we are not aided by the citation of any California authorities."

Other points seemed to be worthy of consideration when the petition for hearing was granted.

It appears from the petition that on the twenty-fourth day of October, 1929, letters rogatory were secured by the county clerk of the city and county of San Francisco from the office of the consul-general of Guatemala at San Francisco, by a letter of transmission, addressed to said clerk. Attached to the letters rogatory was an affidavit of the petitioner herein purporting to have been subscribed and sworn to on July 15, 1929, before G. K. Donald, the American consul-general at Guatemala. This affidavit set forth that the affiant is a stockholder of the Ocos Railroad Company, which is now dissolved; that affiant intends to file a suit in the courts of Guatemala against Adolfo Stahl and The American Finance Commerce Company alleging that the contemplated defendants and Schwartz Brothers, the predecessors in interest of the contemplated corporation defendant, fraudulently and illegally acquired control and possession and retained the profits arising from the operation of the Ocos Railroad Company from 1900 to 1910, and have not, according to affiant's knowledge, accounted to the stockholders of said railroad company; that on October 15, 1910, the contemplated defendants, in the name of Schwartz Brothers, sold said railroad to the Guatemala Central Railroad Company; that for the purpose of the contemplated suit it is necessary to ascertain what price was received by

said Schwartz Brothers for said railroad; that the Pacific Improvement Company had a controlling interest in the Guatemala Central Railroad Company; that the books of the Pacific Improvement Company indicate what price was paid for the Ocos Railroad and that affiant has no other means of ascertaining the price so paid except by inspection of said books and that said Frank L. Jackson is an officer of the Pacific Improvement Company residing in San Francisco.

When the letters rogatory and accompanying affidavits were presented to the respondent judge an order was made directing that a subpoena issue commanding said Jackson to appear before a designated notary public on November 17, 1929, at 10 o'clock A. M., then and there to give his deposition in accordance with said letters rogatory. Thereafter a motion was made on behalf of the witness to set aside the order and to quash said subpoena on the ground that the respondent court had no jurisdiction to make the order, and that if the court had jurisdiction it should, in its discretion, deny it. In support of the motion an affidavit of Jean Wohlwind was filed wherein it was averred that neither of the contemplated defendants resided, was doing business, or had property in the republic of Gautemala; that there is pending in the District Court of the United States, in and for the Northern District of California, a suit by and on behalf of the stockholders of the Ocos Railroad Company for the identical purpose for which the contemplated suit in Guatemala is intended to be prosecuted, and that the purpose of the proposed deposition is in aid of the prosecution of the action in the United States court. A counter-affidavit of Ricardo Kiobge was filed in which it was averred, on the information and belief of the affiant, that Stahl owned real and personal property in Guatemala and that the American Finance and Commerce Company has been and is now doing business in that republic. There is also an averment in the counter-affidavit that there is pending in the Superior Court in and for the City and County of San Francisco an action on behalf of the stockholders of the Ocos Railroad Company against Stahl arising out of his relationship as a receiver of the Ocos Railroad Company and his handling of the funds of that corporation. The motion to quash was presented to the court, argued and finally submitted for decision on November 20, 1929. At all times

prior to December 2, 1929, the document designated as letters rogatory was entirely in the Spanish language with no accompanying English translation. All other documents were in English. On December 2d the petitioner filed with the clerk of said court an English translation of the letters rogatory. On December 31, 1929, the court granted the motion to quash the subpoena, and the present proceeding was commenced on January 24, 1930.

Assuming, as respondents contend, that section 24 of article IV of the Constitution, providing that judicial proceedings shall be in no other than the English language, is applicable to a proceeding to take a deposition under sections 2036a and 2083 et seq. of the Code of Civil Procedure, nevertheless the position of the respondents is not advantaged thereby, because of the state of the record, which discloses that at the time of the commencement of this proceeding and of the issuance and service of the alternative writ herein and for some twenty days or more prior thereto there had been on file with the respondent court an English translation of the Spanish letters rogatory and the English translation is attached to the petition herein.

It is the general rule that the facts as they exist at the time the application for the writ of *mandamus* is made determine the right of the petitioner and the duty of the respondent. (*United States ex rel. International Contracting Co.* v. *Lamont,* 155 U. S. 303, 308 [39 L. Ed. 160, 15 Sup. Ct. Rep. 97] ; *Ward* v. *Flood,* 48 Cal. 36 [17 Am. Rep. 405] ; 38 C. J., p. 602.)

It is insisted that the letters rogatory were not properly authenticated. It appears that the affidavit of the petitioner attached to the letters was verified before the consul-general of the United States at Guatemala and these documents were transmitted to the respondent court by the consul-general of Guatemala located at San Francisco by a communication which recited that they were so transmitted pursuant to instructions of the Guatemalan minister at Washington, D. C. The letters rogatory, the accompanying affidavit, and the letters of transmittal were original documents and their genuineness was not denied in the answer to the petition herein. In addition there is much force in the contention of the petitioner that the original

documents prove themselves. (See *Wickersham* v. *Johnston,* 104 Cal. 407, 413 [43 Am. St. Rep. 118, 38 Pac. 89].)

■ It is also contended that the petition for the issuance of the subpoena does not state "a general outline of the facts expected to be proved", as required by subdivision 3 of section 2084 of the Code of Civil Procedure. We think the affidavit of the petitioner, the substance of which has been hereinbefore related, is a complete answer to this contention.

■ The pendency of the actions in the state and federal courts in California involving the same issues, the adjudication of which is contemplated in the Guatemalan courts, lends strong support to the contention of counsel for the respondents that the proffered deposition of Jackson is but a "fishing expedition", and that the respondent court would be justified in refusing the subpoena if any discretion is reposed in the court so to do. However, we feel impelled to adhere to the rule that where, as here, the right to the subpoena is a statutory right, the motive of the party is immaterial and the court was without discretion to deny the same. (*Hobbs* v. *Tom Reed Gold Min. Co.,* 164 Cal. 497, 502 [43 L. R. A. (N. S.) 1112, 129 Pac. 781]; *San Francisco Gas & Elec. Co.* v. *Superior Court,* 155 Cal. 30, 39 [17 Ann. Cas. 933, 99 Pac. 359]; *Johnson* v. *Langdon,* 135 Cal. 624, 626 [87 Am. St. Rep. 156, 67 Pac. 1050]; *Poor* v. *Yarnell,* 28 Cal. App. 714 [153 Pac. 976].)

No other points require discussion.

Let the peremptory writ issue as prayed.