[Civ. No. 7979.   Fourth Dist., Div. One.   Nov. 14, 1966.]

JACK D. MOST, Plaintiff and Respondent, v. FIRST NA-
TIONAL BANK OF SAN DIEGO et al., Defendants
and Appellants.

426

Harrison & Watson, Maurice T. Watson and William J. O'Connell for Defendants and Appellants.

Most, Bertram & Doctrow, Sherman Doctrow and Stanley Davis Brown for Plaintiff and Respondent.

WHELAN, J.—Petitioner, according to the pleadings of all parties, was registered on the books of First National Bank of San Diego (Bank) and in a stock certificate issued by Bank as owner of 100 shares of Bank's common stock. He requested leave to examine by agent the list of stockholders, which was accorded him by the then president of Bank, who during the course of inspection and copying terminated such inspection before completion of a copy of the shareholders list.

Petitioner then filed his petition for writ of mandate to compel such inspection.

Bank is a national banking association doing business in California. Bank, in its response to the alternative writ, denied that Most had any beneficial interest in the shares evidenced by the certificate standing in his name; alleged that the certificate stood in his name for convenience only, and that he sought and now seeks to obtain a list of the shareholders for a purpose or purposes that are not legitimate; and, to the contrary, that Most has intended and still intends to use such list for an illegitimate purpose or purposes that will be inimi-

cal to the welfare and well-being of Bank and all its share-holders; that Most had never intended and does not now intend to use such list for his own purposes. No traverse to those allegations was filed.

The matter was tried without the presentation of any evidence. Prior to the time of trial, Bank had submitted written interrogatories to Most for the purpose of exploring the nature of his interest in the shares and his reasons for inspection of the shareholder list. Time for answering the interrogatories had not expired at the time of trial, at which time Bank requested and was denied a continuance for the purpose of having the interrogatories answered.

At all relevant times, section 62, title 12, U.S.C., provided in part: ''The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association, . . . during business hours of each day in which business . . . may be legally transacted.''

The right recognized by section 62 of title 12 is enforceable in state courts, which have jurisdiction to do so by virtue of the provision of the National Bank Act. (10 Am.Jur. 2d § 68, p. 79; *Hurley* v. *National Bank of Middletown,* 252 App.Div. 272 [299 N.Y.S. 241].)

In interpreting the meaning and effect of acts of Congress, our courts are bound by interpretations put upon them by the courts of the United States. (*Mackenzie* v. *Hare,* 165 Cal. 776 [134 P. 713, Ann.Cas. 1915B 261, L.R.A. 1916D 127].)

Courts of the United States have not passed directly upon the question whether the right recognized by section 62, title 12, U.S.C., is lost because of an improper motive on the part of the shareholder seeking inspection. No doubt that is because the federal courts are limited by the value of the matter in dispute; and by the federal rule that the power of the District Courts of the United States to issue mandamus is exercisable only as ancillary to a proceeding of which it otherwise has jurisdiction. (*Large* v. *Consolidated Nat. Bank,* 137 F. 168.)

*Guthrie* v. *Harkness,* 199 U.S. 148 [50 L.Ed. 130, 26 S.Ct. 4], reviewed the decision of a Utah court which had held a shareholder entitled to examine corporate books based upon the court's finding of the truth of the allegations of the

complaint that the shareholder sought inspection for a proper motive.

In *Guthrie* v. *Harkness, supra,* the United States Supreme Court found the right of inspection to exist at common law; and in passing on the facts of the case before it said: "We need not hold that there may not be circumstances which would justify the courts in withholding relief to a stockholder seeking an examination of the books and accounts of the bank. In the case before us no reason is shown for denying to the stockholder the right to know how his agents are conducting the affairs of a concern of which he is part owner. Many legal rights may be the subjects of abuse, but cannot be denied for that reason."

But *Guthrie* v. *Harkness, supra,* did not deal with a shareholder's right to examine the list of shareholders under the statute (U.S. Comp. Stat. 1901, p. 3498) upon which section 62, title 12 is based. While that statute is mentioned incidentally in the decision of the United States Supreme Court, it was not mentioned in *Harkness* v. *Guthrie,* 27 Utah 248 [75 P. 624, 107 Am.St.Rep. 576, 1 Ann.Cas. 129], the Utah Supreme Court decision that was under review. The decision was based on the common law right of inspection with which the Utah statute was held to be in harmony, and the United States Supreme Court, in its decision, also gave effect to the common law right of inspection.

The forerunner of section 62, title 12 (§ 5210 U.S. Comp. Stat. 1901) was mentioned again in *McDonald* v. *Dewey,* 202 U.S. 510 [50 L.Ed. 1128, 26 S.Ct. 731, 736], but not so as to throw light on the present problem.

National banks in custody of a receiver or conservator do not come within the terms of the statute, which does not declare the obligation of such an officer. For that reason, *Wittnebel* v. *Loughman,* 80 F.2d 222, and cases cited therein, do not bear upon the problem.

In the absence of a federal court ruling whether, under section 62, the shareholder must show a good motive for his wish to inspect the list of shareholders, we must seek guidance elsewhere.

Where California courts are called upon to interpret the statute of a sister state whose courts have not themselves interpreted that statute, our courts will interpret it as they would a California statute dealing with a related subject. (*McManus* v. *Red Salmon Canning Co.,* 37 Cal.App. 133, 138 [173 P. 1112].)

■ The rule to be followed in the present situation·is to interpret section 62 of title 12 in the light of .California's interpretation of her own inspection statutes.

At the present time, California Corporations Code,. section· 3003, provides in part: ''The share register or duplicate share register, the books of account, and minutes of proceedings of· the shareholders and the board of directors and of executive., committees of the directors of every domestic corporation and· of foreign corporations keeping any such records in this State· shall be open to inspection upon the written demand of· any, shareholder . . . at any reasonable time, for a purpose reason-, ably related to his interests as a shareholder . . . ·

''Such inspection by a shareholder . . . may be made in person or by agent or attorney, and the right of inspection, includes the right to make extracts.''

Section 3005, Corporations Code, provides in part that upon refusal of a lawful demand for inspection: ''. . . the superior · court of the county in which the principal office or in which. the records are located may enforce .the right of inspection· with just and proper conditions, . . .''

The quoted portion of section 3005, Corporation Code, was first introduced in 1931 as a part of section 357, Civil Code. At the same time the clause of section 3003, Corporations Code, : which reads ''for a purpose reasonably related to his interests as a shareholder'' and the clause permitting the taking of. extracts became a part of section 355, Civil Code. · ·

· Section 355, Civil Code, providing for inspection of both stock register and other classes of .records became, in 1947,· section 3003, Corporations Code. Prior to 1931, the statutory : right of inspection of stockholder lists was in section 378, Civil Code; of other records, in section 377. ·

·.Prior to 1931, the last amendment of section 378, in 1917, restricted the right of inspection to any ."*bona fide*" stockholder, the words "*bona fide*" having been added that year. (Stats. 1917, ch. 730, § 2, p. 1407.)

· The chapter making that amendment contained this provision: ''. . . the board of directors may, by unanimous vote, deny such examination or inspection to a stockholder who· demands the same with intent to use to the injury of· the corporation the information to be acquired· thereby, and a satisfactory showing of such intent shall be a complete defense to any action or proceeding brought by any such person to·' compel the officers of any such corporation to submit any of: such records for his inspection or examination.''

The rights to inspect shareholder lists and other records, as declared respectively by statute, although for a long time found in two different code sections, are sufficiently closely related to make decisions dealing with one section authority for cases dealing with the other.

The statutory provisions for inspection, as they were prior to the 1917 amendment, were interpreted as conferring an absolute right of inspection regardless of the motive for inspection. (*Johnson* v. *Langdon* (1902) 135 Cal. 624 [67 P. 1050, 87 Am.St.Rep. 156] (section 377); *Poor* v. *Yarnell* (1915) 28 Cal.App. 714 [153 P. 976] (list of shareholders); *Webster* v. *Bartlett Estate Co.* (1917) 35 Cal.App. 283 [169 P. 702] (section 377).)

In *Johnson* v. *Langdon, supra,* 135 Cal. 624, 626, 627, the court said: ''Neither is it any defense to allege that the objects and purposes are improper, and that the petitioner desires to injure the business of the corporation. The clear legal right given by the constitution and the statute cannot be defeated by stopping to inquire into motives. . . . The shareholder is not required to show any reason or occasion for making the examination. Nor can he be met with the defense that his motives are improper.

''It may be conceded that cases may arise in which a small stockholder, largely interested in some other corporation, desires the information for improper purposes. But we cannot presume such purpose or motive, nor can we allow it as a defense to an application for a writ of mandate.''

The language of section 62 of title 12, U.S.C., while not identical with the language of California Civil Code, section 378, as it was prior to 1917, is equally free from conditions as to the purpose of inspection.

Applying to section 62 the reasoning employed in the interpretation of pre-1917 section 378, the right of inspection is absolute and the motive for inspection irrelevant.

Should we, because of amendments to the California statutes that introduce motives as a factor relevant to the right of inspection, read such conditions into the federal statute? No; if the California courts correctly decided the rights of inspection under our pre-1917 statute and would then have decided rights under the federal statute in the same manner. If such were the rights under the federal statute prior to 1917, such are those rights now. It required an act of the California Legislature to add conditions to the California law; the Congress has not acted to add conditions to the federal statute.

The existing California law may not be considered to limit the rights of shareholders in a national bank given by federal law. (*Guthrie* v. *Harkness, supra,* 199 U.S. 148, 152 [50 L.Ed. 130, 131, 26 S.Ct. 4, 5]; *Davis* v. *Elmira Savings Bank,* 161 U.S. 275 [40 L.Ed. 700, 16 S.Ct. 502].)

Those courts of other states that have passed upon the right of inspection under section 62, title 12, U.S.C., have also arrived at the conclusion that motive is irrelevant to the right of inspection declared by the statute. (*Hurley* v. *National Bank of Middletown, supra,* 299 N.Y.S. 241, 243; *In re Murray's Will,* 88 N.Y.S.2d 579; *Murray* v. *Walker,* 156 Ky. 536 [161 S.W. 512, Ann.Cas. 1915C 363].)

The bank in the case at bench cites numerous state court decisions indicating a trend to deny inspection of records of corporations organized under state law, because of improper motives, even in states which earlier had held the right of inspection to be absolute. That such a tendency exists is clear; it is reflected in the statutory changes made in California.

Were the question being examined for the first time even in the absence of the present statutory conditions, a California court might now, perhaps, impose such conditions if it considered that the pre-1917 inspection statute was merely declaratory of the common law rule. See *Mooney* v. *Bartenders Union Local No. 284,* 48 Cal.2d 841, 843 [313 P.2d 857], where the court said: "At common law a stockholder had a right to inspect the books and records of the corporation at a proper time and place and for a proper purpose."

### MOST'S POSITION AS SHAREHOLDER

■ Although the reasons given therefor no longer exist as to corporations organized under California law (i.e., stockholder's statutory liability), the case of *Webster* v. *Bartlett Estate Co., supra,* 35 Cal.App. 283, makes it clear that registered ownership on the books of the corporation, there having been no subsequent assignment or transfer of the certificate, is all that is required to make one a shareholder; and that "one may be a *bona fide* shareholder without having any beneficial interest in the shares." (P. 285.)

### DENIAL OF A CONTINUANCE

■ Since Most's reasons for seeking inspection were irrelevant and his status as registered owner and actual holder of shares established, interrogatories propounded to find out why he purchased shares, who furnished the consideration therefor, and his purpose in seeking inspection, likewise were irrelevant.

A continuance for the purpose of obtaining answers to such interrogatories was properly denied.

CONDITION OF THE PLEADINGS

■ Bank urges correctly that matters alleged in the return to an alternative writ of mandate which, if true, sufficiently show cause to deny the peremptory writ, are accepted as true unless controverted by the petitioner. (Code Civ. Proc., § 1091; *Steiger* v. *Board of Supervisors*, 143 Cal.App.2d 352 [300 P.2d 210]; *State* ex rel. *Theile* v. *Cities Service Co.*, 31 Del. 514 [115 A. 773, 774].)

■ In the case at bench, the affirmative allegations of the return were not controverted. However, the matters therein were not sufficient to constitute a defense, not only because they were irrelevant but also because they were not allegations of ultimate fact, but of conclusions. It is, for instance, a conclusion to allege that one acted in "bad faith." (*Wheeler* v. *Oppenheimer*, 140 Cal.App.2d 497, 501 [295 P.2d 128].) An allegation that one's purposes are not legitimate, or are illegitimate, must also be classed as a conclusion.

The judgment is affirmed.

Brown, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied November 30, 1966, and appellants' petition for a hearing by the Supreme Court was denied January 25, 1967.