[Civ. No. 26117. First Dist., Div. Two. Jan. 22, 1970.]

ROBERT MASON, Plaintiff and Appellant, v.
ARTHUR P. SHAPRO et al., Defendants and Respondents.

## Counsel

Irvin Goldstein for Plaintiff and Appellant.

Jacobs, Blanckenburg, May & Colvin, Heim Goldman, Raymond H. Shone, Harold B. Lerner, George I. Hoffman, Cerf, Robinson & Leland, Feldman, Waldman & Kline, Leo E. Borregard and Reynold H. Colvin for Defendants and Respondents.

## Opinion

**DAVID, J. pro tem.**\*—Assertedly, Jacob Shemano engaged in the factoring business as National Consumers Credit Plan and Gary Financial Corporation. Appellant loaned some $60,000 to Shemano for the same. Demand was made upon him for payment, but he is insolvent. Appellant

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

brought this action against Golden Gate National Bank, Shemano, and the six other respondents, asserting that he was a depositor in the Golden Gate National Bank, of which Shemano was also president and its chief executive officer; that Shemano made false and fraudulent representations to induce the loans, to the effect that the Golden Gate National Bank was his bank, that the bank owned the National Consumers Credit Plan and was liable for its debts.

Individual liability was claimed against the other respondents, the individual directors, on the ground that they well knew or should have known in the exercise of reasonable care and prudence that Shemano was using his official capacity to borrow such money for his private gain, but nevertheless permitted him to remain as president and thus enabled him to defraud appellant.

Following their answers to the complaint, the six directors defendant, other than Shemano, moved for and were given summary judgments. The judgments must be affirmed.

■ Although a national bank is concerned, the state courts have jurisdiction, by virtue of the provisions of the National Bank Act. (*Most* v. *First Nat. Bank of San Diego* (1966) 246 Cal.App.2d 425, 427 [54 Cal. Rptr. 669].) No breach of any duty of a director is alleged (12 U. S. C. § 93), as it is not alleged they knowingly violated or permitted any violation of that act. Appellant's only personal relationship with the bank was as a depositor, and no duty to him as such was established by the pleading. The six directors by their affidavits disclaimed all knowledge of the personal dealings of Shemano and appellant. Appellant filed no affidavits at all in opposition to those presented upon the motion under Code of Civil Procedure, section 437c. He concedes that knowledge is essential to any liability under the federal law.

■ Appellant turns to *Bowerman* v. *Hamner* (1918) 250 U.S. 504, 511-512 [63 L.Ed. 1113, 1118-1119, 39 S.Ct. 549], as establishing a general common law duty of directors to use that degree of care "which ordinarily prudent and diligent men would exercise under similar circumstances," in relation to creditors, depositors and stockholders.

Obviously, this duty pertains to their relationship to such individuals as such. Although appellant claims he was a depositor, the damage he claims does not stem from such a status. No such duty pertains to him as an individual, in an individual transaction with Shemano in his individual capacity. Appellant does not sustain his position by any authorty. (Cf. *Haines* v. *First Nat. Bank* (1918) 89 Ore. 42 [172 P. 505, 507].)

Appellant, in his deposition used on the motions for summary judgments,

stated the alleged representation to have been: "He said, 'My bank is behind me.' Not Golden Gate Bank."

■ Defendant directors in their affidavits established that they regularly attended the monthly meetings of the board of directors of the bank; that prior to November 15, 1967, they had no knowledge, had received no intimation, and had no reason to know (a) of the private loan transactions between the plaintiff and defendant Jacob Shemano and/or National Consumers Credit Plan; (b) or of any representations made by defendant Shemano to plaintiff, or to anyone, relative to the subject loan transactions; (c) or of any facts or information which gave declarants reason to suspect the occurrence, existence, or making of the loan transactions or representations; that prior to November 15, 1967, they had never spoken to or corresponded with plaintiff.

Appellant did not, as required by Code of Civil Procedure, section 437c, file any affidavits to controvert the showing made. We find no triable issue of fact was raised as to these respondents.

■ A duty must be shown to exist, before conduct can be claimed to be negligent. (*Routh* v. *Quinn* (1942) 20 Cal.2d 488, 491-492 [127 P.2d 1, 149 A.L.R. 215]; *Richards* v. *Stanley* (1954) 43 Cal.2d 60, 63 [271 P.2d 23]; *Amaya* v. *Home Ice, Fuel & Supply Co.* (1963) 59 Cal.2d 295, 307-309 [29 Cal.Rptr. 33, 379 P.2d 513] (overruled on other grounds, *Dillon* v. *Legg* (1968) 68 Cal.2d 728, 748 [69 Cal.Rptr. 72, 441 P.2d 912].))

■ Neither such duty nor its breach was established under the law and the showdown as to triable issues of fact, under Code of Civil Procedure, section 437c.

The judgments are affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied February 20, 1970, and appellant's petition for a hearing by the Supreme Court was denied March 19, 1970. Mosk, J., did not participate therein.