**In re Gregory Dewitt CANTRELL,
Debtor,**

Cal–Micro, Inc.; Cal–Micro, Inc., Employee Stock Option Plan; The Pauline Countryman 1990 Trust, Appellants,

v.

Gregory Dewitt Cantrell, Appellee.

No. 01–17358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Filed May 28, 2003.

Brian Fortune Gill, The Gill Law Offices, Pacific Grove, CA, argued the cause and filed briefs for the appellants.

Jon R. Vaught, Vaught & Boutris, LLP, Oakland, CA, argued the cause and filed a brief for the appellee.

Before STAPLETON,* O'SCANNLAIN and FERNANDEZ, Circuit Judges.

O'SCANNLAIN, Circuit Judge.

We must decide whether a corporate officer who is personally liable for corporate fraud may discharge such debt in bankruptcy.

I

In May 1995, Cal–Micro, Inc., the Cal–Micro, Inc. Employee Stock Option Plan, and the Pauline Countryman 1990 Trust (collectively "Cal–Micro") filed a complaint in California Superior Court alleging, inter alia, that Gregory Cantrell breached fiduciary duties owed to Cal–Micro while serving as an officer of the corporation. In addition to several other claims, the complaint alleged that Cantrell expropriated corporate funds and assets of Cal–Micro for his own personal use and failed to use Cal–Micro's assets for the payment of the corporation's business and operational expenses.

After publication of the summons and complaint, and failing to receive an answer from Cantrell, Cal–Micro duly filed a request for entry of default judgment. On April 12, 1996, the state court granted Cal–Micro default judgment against Cantrell for $1,271,985 in compensatory damages, $10,000 in punitive damages, $4,670 in attorney's fees, and $463.75 in costs and post-judgment interest. The judgment order did not specify the causes of action upon which entry of default judgment was based.

Over two years later, Cantrell filed a motion to set aside the default judgment. In support of this motion, Cantrell claimed that he was never personally served with the summons and complaint. Cantrell did admit that in November 1997 he was notified by the Alameda County Clerk–Recorder that a $1,287,118.75 state court judgment lien had been recorded against him and that Cal–Micro was listed as a primary lien holder. Cal–Mirco thus argued that the motion to set aside was time barred because Cantrell, despite having actual notice of the default judgment, filed the motion after the two-year limitations period provided by California Code of Civil Procedure § 473.5 had expired. The state court agreed with Cal–Micro, and its denial of Cantrell's motion to set aside was subsequently upheld by the California Court of Appeals.

---

* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Soon thereafter, Cantrell filed a voluntary Chapter 7 bankruptcy petition. In response, Cal–Micro filed a complaint in bankruptcy court to enforce its state court default judgment as non-dischargeable under 11 U.S.C. § 523(a)(4). Cal–Micro also filed a motion for summary judgment arguing that under the doctrine of collateral estoppel the bankruptcy court was required to give preclusive effect to the default judgment. In a cross-motion for partial summary judgment, Cantrell argued that the state court complaint, which supported the subsequent default judgment, merely alleged a breach of fiduciary duty while Cantrell served as an officer of Cal–Micro, and failed to state a cause of action under § 523(a)(4) for defalcation in a fiduciary capacity. Cantrell contended that as a matter of law he was not a fiduciary within the meaning of § 523(a)(4), and therefore he was entitled to summary judgment on Cal–Micro's non-dischargeability claim.

After the bankruptcy court granted Cal–Micro's motion for summary judgment and denied Cantrell's cross-motion for summary judgment, the Bankruptcy Appellate Panel ("BAP") reversed. *See Cantrell v. Cal–Micro, Inc. (In re Cantrell)*, 269 B.R. 413 (9th Cir. BAP 2001). The BAP concluded that Cantrell in his role as a corporate officer was not a fiduciary within the meaning of § 523(a)(4). Because the BAP concluded there was no alternative basis under which the bankruptcy court could find that Cantrell was a § 523(a)(4) fiduciary, the BAP reversed the bankruptcy court's grant of summary judgment to Cal–Micro, and remanded to the bankruptcy court for entry of summary judgment in favor of Cantrell.

## II

▉ Cal–Micro first argues on appeal that the BAP erred by not giving preclusive effect to the state court default judgment. The Supreme Court has held that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In addition, 28 U.S.C. § 1738 requires us, as a matter of full faith and credit, to apply the pertinent state's collateral estoppel principles. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995).

## A

▉ Under California law, collateral estoppel only applies if certain threshold requirements are met:

First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001) (citation omitted).[1]

▉ The mere fact that "judgment was secured by default does not warrant the application of a special rule." *Williams v. Williams (In re Williams' Estate)*, 36 Cal.2d 289, 223 P.2d 248, 252

---

1. There is no dispute concerning the fourth and fifth requirements. Cantrell was a defendant in Cal–Micro's state court action, and, because Cantrell failed to file a timely appeal, the state court's judgment was final before Cal–Micro brought its nondischargeability action.

(1950). California law does, however, place two limitations on this general principle. The first is that collateral estoppel applies only if the defendant "has been personally served with summons or has actual knowledge of the existence of the litigation." *In re Harmon*, 250 F.3d at 1247 (quoting *Williams*, 223 P.2d at 254). Collateral estoppel, therefore, only applies to a default judgment to the extent that the defendant had actual notice of the proceedings and a "full and fair opportunity to litigate." *Id.* at 1247 n. 6.

■ The second limitation, in the context of a default judgment, is that a decision has a preclusive effect in later proceedings "only where the record shows an express finding upon the allegation" for which preclusion is sought. *Williams*, 223 P.2d at 254. But, as we recognized in *In re Harmon*, "the express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue." 250 F.3d at 1248. In such circumstances, an express finding is not required because "if an issue was necessarily decided in a prior proceeding, it was actually litigated." *Id.*

### B

■ Here, the BAP determined that the notice requirement was not satisfied because Cantrell was neither personally served with summons nor had actual knowledge of the existence of the litigation before default judgment was entered. However, California Code of Civil Procedure § 473.5 provides that a defendant without actual notice of the proceedings can file a motion to set aside the default judgment and defend the action if it is brought within "two years after entry of a default judgment against him or her."

Cantrell received actual knowledge of the default judgment with nearly six months remaining to file a timely motion to set aside. Because the stated purpose of the notice requirement is to ensure that a defendant has a full and fair opportunity to litigate the allegations set forth in the complaint, the mere fact that Cantrell was neither personally served with process nor aware of the litigation until after the default judgment had been entered is not dispositive.

Indeed, in a case cited favorably by the California Supreme Court, *see Williams*, 223 P.2d at 254, a California court held that where a party was served by publication, but had full opportunity to seek relief under Section 473,[2] he was barred from attacking the judgment. *Stone v. Stone*, 58 Cal.App. 415, 208 P. 993, 994 (1922). Accordingly, because it is undisputed that Cantrell had actual knowledge of the default judgment during the two-year interval provided by Section 473.5, we follow the holding in *Stone* and conclude that Cantrell had a full and fair opportunity to litigate the state court default judgment.

### C

■ For purposes of collateral estoppel, the remaining question is whether the "express finding requirement" was either satisfied or waived. While the state court failed to make any express findings when it granted default judgment, Cal–Micro contends that the requirement was waived because the default judgment implicitly and necessarily decided that Cantrell breached his fiduciary duties to the corporation.

In *In re Harmon*, we held that a defendant was not barred from litigating his alleged fraudulent conduct in a non-dischargeability action in bankruptcy because

---

2. California Code of Civil Procedure § 473 then provided that motions to set aside default judgments could be brought "within one year after the rendition of any judgment in such action."

"the state court could have entered a default judgment ... without finding that he had committed fraud." 250 F.3d at 1248. On this basis, Cantrell argues that he is not precluded from defending against the claims brought against him in Cal–Micro's non-dischargeability action.

*In re Harmon,* however, did not involve punitive damages. In contrast, the state court here awarded Cal–Micro $10,000 on its claim for punitive damages. Under California law, a plaintiff may recover punitive damages "[i]n an action for the breach of an obligation not arising from contract" upon a finding of "oppression, fraud, or malice." Cal. Civ.Code § 3294(a). Therefore, in awarding punitive damages to Cal–Micro in the default judgment, the state court seemingly decided that Cantrell acted in a fraudulent manner while serving as a corporate officer to Cal–Micro and breached the fiduciary duties that he owed to the corporation.

Nevertheless, Cantrell argues that the punitive damages award could have been based on a finding of malice or oppression. Alternatively, Cantrell claims that the finding of fraud could have been based on conduct in his individual capacity rather than as an officer of Cal–Micro. Based on the record before the state court, however, we are convinced that the court's award of punitive damages could only have been based on the claims that Cantrell fraudulently withdrew and used Cal–Micro's corporate assets for his own personal benefit. Accordingly, we disagree with the BAP, and conclude that the state court entered a valid and final judgment that Cantrell engaged in fraudulent conduct in his capacity as an officer of Cal–Micro, and collateral estoppel bars him from re-litigating this issue in bankruptcy.

## III

Cantrell next argues that notwithstanding any collateral estoppel considerations, the state court's determination that he breached fiduciary duties as an officer of Cal–Micro is not dispositive of whether he committed fraud as a § 523(a)(4) fiduciary. Indeed, Cantrell argues—and the BAP agreed—that as a matter of law he is not a fiduciary within the meaning of § 523(a)(4), and therefore is entitled to summary judgment on Cal–Micro's non-dischargeability claims. Because Cantrell's argument depends on whether an officer of a corporation is a fiduciary within the meaning of § 523(a)(4), we must examine such statutory provision in detail.

## A

Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity." The definition of "fiduciary capacity" under § 523(a)(4) is a question of federal law. *See Mills v. Gergely (In re Gergely),* 110 F.3d 1448, 1450 (9th Cir.1997). We have previously held that "[t]he broad, general definition of fiduciary—a relationship involving confidence, trust and good faith—is inapplicable in the dischargeability context." *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986). As a result, we have adopted a narrow definition of "fiduciary" for purposes of § 523(a)(4):

> "[T]he fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt." *Lewis v. Scott (In re Lewis),* 97 F.3d 1182, 1185 (9th Cir. 1996).

While the definition of "fiduciary" is governed by federal law, we have relied in part on state law to ascertain whether the requisite trust relationship exists. *See id.* at 1185; *Ragsdale,* 780 F.2d at 796. As a result, while not arguing that an express trust existed between it and Cantrell, Cal–

Micro does claim that under California law a corporate officer is a statutory trustee with respect to corporate assets.

**B**

 In support of its argument, Cal–Micro cites to several California cases that have held that a corporate officer is a fiduciary of the corporation. *See, e.g., Stephenson v. Drever*, 16 Cal.4th 1167, 69 Cal.Rptr.2d 764, 947 P.2d 1301 (1997); *United States Liab. Ins. Co. v. Haidinger–Hayes, Inc.*, 1 Cal.3d 586, 83 Cal.Rptr. 418, 463 P.2d 770 (1970); *GAB Bus. Serv., Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 83 Cal.App.4th 409, 99 Cal.Rptr.2d 665 (2000). But these cases merely specify that officers owe fiduciary duties in their capacity as agents of a corporation; they fail to hold that officers are trustees of a statutory trust with respect to corporate assets.

Unfortunately for Cal–Micro, in *Bainbridge v. Stoner*, 16 Cal.2d 423, 106 P.2d 423 (1940), the California Supreme Court held:

> "One who is a director of a corporation acts in a fiduciary capacity, and the law does not allow him to secure any personal advantage as against the corporation or its stockholders. However, strictly speaking, the relationship is not one of trust, but of agency...." *Id.* at 426 (citations omitted); *see also Bancroft–Whitney Co. v. Glen*, 64 Cal.2d 327, 49 Cal.Rptr. 825, 411 P.2d 921, 934 (1966) (stating that while officers and directors stand in a fiduciary relation to the corporation, they are "technically not trustees").[3]

Therefore, under *Bainbridge*, although officers and directors are imbued with the fiduciary duties of an agent and certain duties of a trustee, they are not trustees with respect to corporate assets.[4]

Nevertheless, the bankruptcy court reached a different conclusion based pri-

---

3. While an officer is not a trustee of a corporation under California law, the court in *Bainbridge* did recognize that directors and officers did have to comply with the then existing requirements of § 2230 of the Civil Code relating to trustees. 106 P.2d at 426–27. At the time § 2230 provided that "neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or any one for whom he acts as an agent has an interest, present or contingent, adverse to that of his beneficiary."

4. Cal–Micro also cites to *Interactive Multimedia Artists, Inc. v. Superior Court*, 62 Cal. App.4th 1546, 73 Cal.Rptr.2d 462 (1998), in support of its contention that Cantrell was a fiduciary within the meaning of § 523(a)(4). There the issue was whether the plaintiff had a right to a jury trial on a breach of fiduciary claim against a corporate director and controlling shareholder. The court stated that "[t]he fiduciary duty of a controlling shareholder or director to a minority shareholder is based on 'powers in trust.' " *Id.* at 468.

However, as both the bankruptcy court and the BAP recognized, this language is ambiguous and could simply mean that directors and controlling shareholders have a general fiduciary duty to act fairly with respect to corporate matters. Furthermore, the court of appeals in *Interactive Multimedia Artists* failed to mention the California Supreme Court's holding in *Bainbridge;* therefore, it is unlikely that it intended to contradict the state's highest court without expressly doing so. And, to the extent that *Interactive Multimedia Artists* is inconsistent with *Bainbridge*, we must follow the California Supreme Court's interpretation of its law.

Cal–Micro also cites to *Poor v. Yarnell*, 28 Cal.App. 714, 153 P. 976 (1915), and *Farmers' and Merchants' Bank of LA v. Downey*, 53 Cal. 466, 468 (1879) ("The officers and directors of a corporate body ... are trustees of the stockholders, and cannot, without being guilty of fraud, secure to themselves advantages not common to the latter."). But since these cases pre-date *Bainbridge*, the California Supreme Court's unambiguous holding in *Bainbridge* that directors and officers are not trustees with respect to corporate assets is the precedent that we must follow.

marily on our holding in *Ragsdale*. There, we concluded that "California has made all partners trustees over the assets of the partnership" and that, therefore, "California partners are fiduciaries within the meaning of § 523(a)(4)." 780 F.2d at 796–97. We based our holding on several California cases that "raised the duties of partners beyond those required by the literal wording" of the California partnership statute. *Id.* at 796.

But here, the BAP correctly concluded that whether California partnership law provides that individual partners are trustees of the firm is of minimal significance,

especially in light of the California Supreme Court's clear holding in *Bainbridge*. In contrast to partnership law, California corporate law simply does not provide the same trust relationship between corporate principals and the corporation. As evident in *Bainbridge* and subsequent cases, California case law has consistently held that while officers possess the fiduciary duties of an agent, they are not trustees with respect to corporate assets.[5] While Cantrell in his capacity as an officer exercised some control over corporate assets of Cal–Micro, it does not follow that Cantrell was a fiduciary within the meaning of § 523(a)(4).[6]

**5.** Indeed, in *Roots v. Bangerter (In re Bangerter)*, 106 B.R. 649, 654 (Bankr.C.D.Cal.1989), the court concluded that "California law does not hold that a majority shareholder is a trustee of the corporate assets or any interests that shareholders may have in the corporate *res*." As a result, the court held that a minority shareholder could not maintain a § 523(a)(4) cause of action against a majority shareholder. While *In re Bangerter* addressed the status of a controlling shareholder, the court recognized that whether an officer is a fiduciary under § 523(a)(4) represented a similar issue and cited approvingly to *Alexander & Alexander of Washington, Inc. v. Hultquist (In re Hultquist)*, 101 B.R. 180 (9th Cir. BAP 1989).

There, the BAP held that under Washington law, "although the debtor may have owed a general fiduciary duty as a corporate officer under state case law, *no pre-existing or statutorily created trust* existed at the time of the alleged wrongdoing." *In re Hultquist*, 101 B.R. at 185 (emphasis in original). As a result, the BAP concluded that the corporate officer was not a fiduciary for purposes of § 523(a)(4). It is true that *In re Hultquist* concerned Washington law and does not constitute binding precedent. But the holding of *In re Bangerter* that majority shareholders under California law are not fiduciaries within the meaning of § 523(a)(4), and In re Bangerter's reliance on *In re Hultquist* to support its holding, underscore that corporate officers under California law are not fiduciaries for purposes of § 523(a)(4).

**6.** Cal–Micro cites to *Nahman v. Jacks (In re Jacks)*, 266 B.R. 728, 737 (9th Cir.BAP 2001), for the proposition that "California's Corporation Code provides a remedy for an insolvent corporation's director's violations of fiduciary duties to creditors," which could be actionable under § 523(a)(4). *In re Jacks*, however, is inapplicable here because the underlying plaintiff is Cal–Micro, not creditors of the corporation.

Cal–Micro also contends that Cantrell is a fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, and therefore, a fiduciary within the meaning of § 523(a)(4). In *Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1190 (9th Cir.2001), we held that ERISA fiduciaries qualify as fiduciaries within the meaning of § 523(a)(4). ERISA defines a fiduciary as a person who exercises discretionary authority or control with respect to the management of an ERISA plan or its assets, or has discretionary authority or responsibility in the administration of the plan. 29 U.S.C. § 1002(21)(A). Cal–Micro claims that Cantrell satisfies such requirements and should be an ERISA fiduciary of the Cal–Micro Employee Stock Option Plan ("Cal–Micro ESOP"). But there is no evidence that Cantrell had discretionary control or authority over the ESOP and its assets. The mere fact that Cantrell was a corporate officer of Cal–Micro and a signatory on the corporation's accounts does not make him a fiduciary of the Cal–Micro ESOP. *In re Hemmeter* and other case law on ERISA fiduciaries, therefore, are inapplicable to the case at hand.

## IV

Therefore, based on *Bainbridge*, we conclude that Cantrell is not collaterally estopped from contesting whether the default judgment was non-dischargeable. The state court complaint, which supported the subsequent default judgment, merely alleged a breach of fiduciary duty while Cantrell served as an officer of Cal–Micro, but failed to state a cause of action under § 523(a)(4).[7] Because under California law a corporate officer is not a fiduciary within the meaning of § 523(a)(4), we further conclude that Cantrell is entitled to summary judgment on Cal–Micro's non-dischargeability claims.

AFFIRMED.

---

**7.** As a result, we disagree with the BAP's initial determination, and conclude that Cantrell is collaterally estopped from litigating the state court default judgment. But we agree with its ultimate determination that Cantrell is entitled to summary judgment on Cal–Micro's non-dischargeability claims.