MEMORANDUM **
Nancy Johnston appeals pro se the Bankruptcy Appellate Panel’s (“BAP”) order affirming the bankruptcy court’s order dismissing her 11 U.S.C. § 523(a)(4) claim and granting summary judgment in favor of Johnston’s brother and sister-in-law on her claims under 11 U.S.C. § 727(a)(4) and (a)(7). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo deci *288 sions of the BAP, and we review the bankruptcy court’s conclusions of law de novo and its findings of fact for clear error. Hanf v. Summers (In re Summers), 332 F.3d 1240, 1242 (9th Cir.2003). We affirm.
The BAP properly affirmed the bankruptcy court’s dismissal of Johnston’s 11 U.S.C. § 523(a)(4) claim because Johnston did not challenge the discharge of a debt “for fraud or defalcation while [Debtors were] acting in a fiduciary capacity.” 11 U.S.C. § 523(a)(4); see also Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1127 (9th Cir.2003) (holding that corporate officers are not trustees with respect to corporate assets and are therefore, not fiduciaries within the meaning of Section 523(a)(4)).
We agree with the BAP that the bankruptcy court properly granted summary judgment as to Johnston’s 11 U.S.C. § 727(a)(4)(A), (B), and (D) claims because she failed to present specific evidence establishing any genuine issues of material fact. See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102-06 (9th Cir.2000) (discussing burdens for withstanding summary judgment).
Johnston’s remaining contentions lack merit.
We agree with the BAP that Johnston’s appeal is legally frivolous. We grant Appellees’ motion for sanctions to the extent we award double costs pursuant to Fed. R.App. P. 38, to be taxed by the clerk for costs related to this appeal only. The motion for sanctions is otherwise denied.
All other pending motions are denied.
The court will entertain no further filings from Johnston with respect to the merits of her appeal.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.