Padam Kumar KHANNA,
Plaintiff–Appellant,

v.

STATE BAR OF CALIFORNIA; et
al., Defendants–Appellees.

No. 07–16692.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

___

Padam Kumar Khanna, Berkeley, CA, for Plaintiff–Appellant.

Mark A. Torres–Gil, Esquire, The State Bar of California, Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM ***

Padam Kumar Khanna appeals pro se from the district court's judgment dismissing for failing to state a claim, his 42 U.S.C. § 1983 action alleging the State Bar of California and three of its employees violated Khanna's constitutional rights, including his right to a fair trial, due process, equal protection and counsel. We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo, *Gonzalez v. Metro.*

*Transp. Auth.,* 174 F.3d 1016, 1018 (9th Cir.1999), and we affirm.

■ The State Bar is an arm of the state and is entitled to Eleventh Amendment immunity. *See Hirsh v. Justices of the Supreme Court,* 67 F.3d 708, 715 (9th Cir.1995). Employees acting in their official capacities are also entitled to immunity. *See id.* Therefore, all claims against the State Bar and its employees in their official capacities were properly dismissed. Additionally, all claims against Judge McElroy are entitled to judicial immunity and were properly dismissed. *See Mireles v. Waco,* 502 U.S. 9, 12–13, 112 S.Ct. 286, 288–89, 116 L.Ed.2d 9 (1991); *Crooks v. Maynard,* 913 F.2d 699, 700 (9th Cir.1990).

■ The claims against the defendants in their individual capacities are also barred. Verstegen is entitled to immunity under the common law for her alleged acts of perjury as a witness. *See Briscoe v. LaHue,* 460 U.S. 325, 345–46, 103 S.Ct. 1108, 1120–21, 75 L.Ed.2d 96 (1983); *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989). Khanna is collaterally estopped on his conspiracy claims against Abersen–Murray and Verstegen because he pled them to the California Supreme Court, and it implicitly rejected them when it disbarred Khanna. *See Cal–Micro, Inc. v. Cantrell,* 329 F.3d 1119, 1123 (9th Cir.2003)(defining the requirements for collateral estoppel under California law, including that the issue was "necessarily decided" as part of the final judgment). Khanna's "new evidence" does not prevent the application of collateral estoppel be-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Contrary to the State Bar's contention, we do not lack jurisdiction under the *Rooker-*

*Feldman* doctrine, because "the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party." *Noel v. Hall,* 341 F.3d 1148, 1161 (9th Cir. 2003).

cause Khanna has not demonstrated that the Indian complaint and attached documents were previously unavailable, establish a previously undiscovered legal theory, or change his legal rights. *See Ross v. Alaska*, 189 F.3d 1107, 1110 (9th Cir.1999) (stating that federal courts apply state law to determine preclusion); *Roos v. Red*, 130 Cal.App.4th 870, 888, 30 Cal.Rptr.3d 446 (2005).

Khanna's motion to expedite is denied as moot.

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.