FILED

FEB 27 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-14-1340-KuDKi |
| ) | |
| RICHARD JAY BLASKEY, ) | Bk. No.   11-21187 |
| ) | |
| Debtor. ) | Adv. No.   11-01462 |
| _____ ) | |
| BARTON PROPERTIES, INC.; ) | |
| STEPHEN SELINGER, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| RICHARD JAY BLASKEY, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on February 19, 2015
at Los Angeles, California

Filed – February 27, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

Appearances:    Anthony A. Patel argued for appellants Barton
Properties, Inc. and Stephen Selinger.[**]

Before: KURTZ, DUNN and KIRSCHER, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**]Appellee Richard Jay Blaskey did not actively participate in this appeal.

**INTRODUCTION**

Plaintiffs Barton Properties, Inc. and Stephen Selinger obtained a judgment against their former attorney Richard Jay Blaskey for roughly $1 million. After Blaskey filed bankruptcy, the plaintiffs commenced an adversary proceeding seeking to have the judgment debt declared nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (4) and (6).[1] After trial, the bankruptcy court entered judgment against the plaintiffs, holding that the plaintiffs had not met their burden of proof to establish that the damages they incurred resulted from nondischargeable conduct.

The bankruptcy court correctly identified a preponderance of the evidence as the applicable burden of proof standard but also indicated that, in the nondischargeability context, this standard of proof was subject to a special gloss or spin that required the court to view the evidence "in the light most favorably" to Blaskey. We disagree. The preponderance of the evidence standard must be applied in nondischargeability proceedings the same as it would be applied in any other type of proceedings.

If the court had applied the preponderance of the evidence standard correctly, it might have ruled differently on plaintiffs' §§ 523(a)(2)(A) and (6) claims. We must VACATE the bankruptcy court's ruling on these claims and REMAND so it can apply the preponderance of the evidence standard correctly.

On the other hand, on this record, no reasonable trier of

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

fact could have found either embezzlement or fiduciary defalcation within the meaning of § 523(a)(4) even if the preponderance of the evidence standard had been applied correctly. Therefore, the court's incorrect application of the preponderance of the evidence standard was harmless error with respect to the plaintiffs' § 523(a)(4) claim. We AFFIRM the bankruptcy court's ruling on that claim on this basis.

**FACTS**

The plaintiffs retained Blaskey in 2004. Among other legal matters, the parties agreed that Blaskey would represent them in three unrelated lawsuits, which the plaintiffs refer to as the underlying actions. The underlying actions included one lawsuit brought by Luba and Vladmir Tomalveska against Barton Properties (LASC Case No. SC085977) and two lawsuits brought by Barton Properties, one against the City of Los Angeles and the other against Geosystems, Inc. (LASC Case Nos. BC311407 and BC312631).

In 2007, the plaintiffs discovered that Blaskey had been derelict in representing them in the underlying actions to such an extent that the state court presiding over the underlying actions had entered adverse orders and judgments against Barton Properties. As a result, in 2008, Barton Properties sued Blaskey in state court for legal malpractice, breach of contract, fraud and breach of fiduciary duty. The state court ultimately entered a default judgment against Blaskey in 2010.

Blaskey commenced his bankruptcy case in August 2011, and the plaintiffs filed their nondischargeability adversary proceeding shortly thereafter. The plaintiffs alleged three distinct clams for relief, one under § 523(a)(2)(A), another

3

under § 523(a)(4) and another under § 523(a)(6).

The court held the trial on the plaintiffs' three claims in March 2014. The plaintiffs offered into evidence only a handful of exhibits and presented the testimony of only one witness: Selinger, who at all relevant times was the president of Barton Properties. Selinger testified that, in 2006, Blaskey led him to believe that Blaskey was taking care of all of the litigation and settlement tasks that needed taking care of in the underlying actions and that, if he (Selinger) had known the truth – that Blaskey was derelict in his duties – Barton Properties would not have paid Blaskey's 2006 invoices for legal fees to the tune of roughly $50,000. Selinger also testified that, if Blaskey had not lied to him about the performance of his duties, he would have hired new counsel, who might have had opportunities to prevent or have set aside some or all of the adverse orders and judgments entered in the underlying actions.

Notably, however, Selinger's testimony contained virtually no specifics about what Blaskey reported to him about the status of the underlying actions, when Blaskey made particular reports, when Barton Properties made payments to Blaskey and how much was paid in each instance. Furthermore, Selinger offered no specifics regarding the remedial opportunities available at the time but later lost because Barton Properties was relying on Blaskey's misstatements.

The plaintiffs offered two distinct types of evidence to demonstrate the amount of damages they suffered. First, there was Selinger's testimony. Selinger gave a generalized account of damages, broken down by underlying action. According to

4

Selinger, as a result of Blaskey's conduct, Barton Properties suffered roughly $470,000 in damages in the Geosystems action, roughly $60,000 in the Tomalveska action and $450,000 in the City of Los Angeles action. For the most part, Selinger did not offer specific details concretely demonstrating how Blaskey's **nondischargeable** conduct caused Barton Properties' damages in the underlying actions.

The second type of evidence the plaintiffs offered at trial to establish their damages was documentary. Specifically, the plaintiffs offered as exhibits the complaint filed and the $1 million default judgment entered in their state court action against Blaskey. The plaintiffs in essence asserted that issue preclusion applied and that these two documents established their damages of $1 million. But plaintiffs' issue preclusion argument went further. According to plaintiffs, the state court judgment not only conclusively established Blaskey's liability for $1 million but also conclusively established that Blaskey's $1 million judgment debt was nondischargeable – that Blaskey was precluded from arguing in the adversary proceeding that the $1 million in damages resulted from anything other than nondischargeable conduct.

After the conclusion of the trial, the bankruptcy court announced its findings of fact and conclusions of law at a hearing held in May 2014. As a threshold matter, the bankruptcy court rejected the plaintiffs' assertion that they were entitled to issue preclusion based on the state court judgment. The bankruptcy court pointed out that issue preclusion was not available unless the issues in question were the subject of

5

explicit findings by the state court or, alternately, implicit findings on those issues were essential to support the state court's judgment.

The bankruptcy court further pointed out that the state court judgment was not supported by any explicit findings and that it was impossible to tell on which causes of action the plaintiffs had prevailed. As the bankruptcy court explained, the state court judgment did not specify whether the $1 million in damages were awarded based on breach of contract, fraud, legal malpractice, breach of fiduciary duty, or some combination thereof. All of these causes of action were set forth in the state court complaint but none were referenced in the state court judgment. Consequently, the bankruptcy court held, it could not apply issue preclusion to determine the dischargeability of Blaskey's $1 million judgment debt because the plaintiffs had not satisfied the "necessarily decided" element for issue preclusion.

The court next addressed the trial record and whether the plaintiffs had made a sufficient showing that the $1 million judgment debt, or any portion thereof, should be declared nondischargeable under §523(a)(2)(A). The court found that the plaintiffs had not established by a preponderance of the evidence that their damages resulted from fraudulent conduct. According to the court, there was either no evidence or insufficient evidence connecting any particular misrepresentations Blaskey made either to the $50,000 in legal fees the plaintiffs paid Blaskey or to the roughly $1 million in damages the plaintiffs apparently suffered in the underlying actions.

The court further explained that the plaintiffs' evidentiary

6

deficiencies were exacerbated by the lack of any documentation to support the amounts Blaskey billed them or the amounts the plaintiffs actually paid. The court also pointed out that the plaintiffs' lack of specificity regarding when representations were made, precisely what was said, when they paid Blaskey, and how much they paid Blaskey all worked against them proving their nondischargeability claims by a preponderance of the evidence.

As for the plaintiffs' § 523(a)(4) claim, the bankruptcy court found there was no evidence of any express or technical trust as to any of the monies the plaintiffs paid to Blaskey and there was insufficient evidence of a defalcation within the meaning of the statute.[2] And as for the plaintiffs' §523(a)(6) claim, the bankruptcy court found there was insufficient evidence that Blaskey subjectively intended to injure the plaintiffs.

During its ruling, the bankruptcy court stated multiple times that the plaintiffs bore the burden of proof to establish all of the nondischargeability elements by a preponderance of the evidence. However, the bankruptcy court also made a couple of statements indicating that the preponderance of the evidence standard has a special meaning or gloss in nondischargeability litigation. For instance, the bankruptcy court stated:

> What is relevant is that the evidence support the claims by a preponderance of the evidence and I must apply the standard that I'm required to apply by the U.S. Supreme Court and, that is, that **I am required to**

---

[2]The record reflects that, in 2004, the plaintiffs paid a retainer to Blaskey in an amount somewhere between $2,000 and $5,000. Concerning the retainer, the bankruptcy court ruled that there was no evidence indicating that the retainer could be declared nondischargeable under § 523(a)(4) or on any other grounds.

7

**view the evidence strictly against the creditor and liberally in favor of the debtor. That is the standard.**

Hr'g Tr. (May 6, 2014) at 17:16-21 (emphasis added). The bankruptcy court further stated that it was required to view the evidence "**in the light most favorably to the defendant** and strictly against the plaintiff." Hr'g Tr. (May 6, 2014) at 21:9-11 (emphasis added).

On June 20, 2014, the bankruptcy court entered judgment in favor of Blaskey and against the plaintiffs. The plaintiffs timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err when it ruled that issue preclusion did not apply to the plaintiffs' state court judgment?

Did the bankruptcy court err in its application of the preponderance of the evidence standard?

Did the bankruptcy court err when it ruled that the plaintiffs had not satisfied their burden of proof at trial?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's determination as to whether issue preclusion is available. Honkanen v. Hopper (In re Honkanen), 446 B.R. 373, 378 (9th Cir. BAP 2011).

We also review de novo questions concerning what standard of proof must be applied. W. Wire Works, Inc. v. Lawler (In re Lawler), 141 B.R. 425, 428 (9th Cir. BAP 1992).

8

We review under the clearly erroneous standard the bankruptcy court's factual findings. In re Honkanen, 446 B.R. at 378.

We can affirm on any ground supported by the record. Thompson v. Paul, 547 F.3d 1055, 1058-59 (9th Cir. 2008).

**DISCUSSION**

When the bankruptcy court declares a debt nondischargeable under § 523(a), the debtor continues to bear part of the financial burden that drove the debtor to file bankruptcy in the first place; § 523(a) thus stands in tension with the fundamental bankruptcy goal of providing debtors with a fresh start. Willms v. Sanderson, 723 F.3d 1094, 1099-1100 (9th Cir. 2013). For this reason, § 523(a) is narrowly construed against the objecting creditor and in favor of the debtor. Snoke v. Riso (In re Riso), 978 F.2d 1151, 1154 (9th Cir. 1992). Similarly, this is why the Supreme Court has stated that exceptions to discharge "should be confined to those plainly expressed." Bullock v. BankChampaign, N.A., 133 S. Ct. 1754, 1760-61 (2013).

The bankruptcy court here indicated that the policy in nondischargeability litigation favoring discharge of the debtor extended beyond the construction of § 523(a) to the determination of factual issues. We disagree. This notion is inconsistent with Grogan v. Garner, 498 U.S. 279, 291 (1991), which held that the "ordinary" preponderance of the evidence standard applied to claims for relief under § 523(a). Id. While Grogan did not elaborate on the metes and bounds of the ordinary preponderance of the evidence standard, it is well established that this standard requires a party bearing the burden of proof to

9

establish that each element of its claim or defense "more likely than not" exists. See, e.g., Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699, 701 (9th Cir. 2007); Metro. Stevedore Co. v. Rambo, 521 U.S. 121, 137 n.9 (1997).

In relevant part, Grogan explained that its holding would permit virtually any state court fraud judgment to be declared nondischargeable under § 523(a)(2)(A) via the application of issue preclusion regardless of whether the state court in the prior action applied the preponderance of the evidence standard or the more demanding clear and convincing evidence standard. Grogan, 498 U.S. at 290; see also id. at 283-85.

It is impossible to reconcile Grogan with the bankruptcy court's position here that there is a special, higher gloss on the preponderance of the evidence standard in nondischargeability litigation. If that were the case, prior state court fraud judgments based on the ordinary preponderance of the evidence standard no longer would be readily subject to nondischargeability in subsequent bankruptcy cases as contemplated by the Supreme Court in Grogan.

Even so, our determination that the bankruptcy court incorrectly applied the preponderance of the evidence standard does not end our analysis. To the extent the plaintiffs did not present any evidence in support of one or more of the elements for nondischargeability, they could not possibly have prevailed after trial regardless of how the bankruptcy court applied the preponderance of the evidence standard.

But before we look at the underlying elements for the plaintiffs' nondischargeability claims and the evidence

10

presented, we first note that the bankruptcy court correctly declined to apply issue preclusion to the plaintiffs' state court judgment. While issue preclusion can and does apply in nondischargeability proceedings, Grogan, 498 U.S. at 284-85 n.11, a litigant seeking to offer a California state court judgment as preclusive on one or more issues must establish all of the elements that California courts require before giving the judgment issue preclusive effect. See Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1123 (9th Cir. 2003). When the litigant seeks to invoke issue preclusion with respect to a California default judgment, he or she must show, among other things, that the state court in the prior proceeding made an express finding on the issues in question or, alternately, that implicit findings on those issues were essential to the court's judgment. See In re Cantrell, 329 F.3d at 1124-25 (9th Cir. 2003); Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1248 (9th Cir. 2001).

Here, the bankruptcy court correctly determined that there was no express finding of fraud or other nondischargeable conduct in the state court judgment against Blaskey. Nor was an implicit finding of fraud or other nondischargeable conduct essential to the judgment, inasmuch as the state court did not specify which of the several causes of action stated in the plaintiffs' complaint served as the basis for the judgment. While some of those causes of action may have necessitated a finding of

11

nondischargeable conduct, others would not have.[3]

Having correctly determined that issue preclusion did not apply, the bankruptcy court focused on the evidence presented at trial and whether the plaintiffs had met their burden of proof. As set forth above, the court erred because it applied a standard of proof more demanding than the ordinary preponderance of the evidence standard. Nonetheless, to the extent the plaintiffs failed to present any evidence in support of one or more essential elements of their claims, we can affirm based on this absence of evidence. Under those circumstances, the court as the trier of fact could not have found in favor of the plaintiffs regardless of what standard of proof applied. See Ellsworth v. Lifescape Medical Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 919 (9th Cir. BAP 2011) (holding that any error regarding the bankruptcy court's application of the burden of proof was harmless when the factual issue in question only could have been resolved one way in light of the evidence presented); see also Van Zandt v. Mbunda (In re Mbunda), 484 B.R. 344, 355 (9th Cir. BAP 2012) (holding that the Panel must ignore harmless error).

With respect to the plaintiffs' §§ 523(a)(2)(A) and (6) claims for relief, we have reviewed the trial record, and we have

---

[3]The plaintiffs argued that the bankruptcy court should have applied at least partial issue preclusion by apportioning their damages between those that arose from dischargeable conduct and those that arose from nondischargeable conduct. This argument is meritless. The state court judgment did not make any such apportionment, and any attempt by the bankruptcy court to apply partial issue preclusion by doing so would have been inconsistent with In re Cantrell and In re Harmon and the California issue preclusion cases on which those two decisions are based.

12

considered all of the elements necessary to establish claims for relief under §§ 523(a)(2)(A) and (6). To support their § 523(a)(2)(A) claim, the plaintiffs needed to show:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

Ghomeshi v. Sabban (In re Sabban), 384 B.R. 1, 5 (9th Cir. BAP 2008), aff'd, 600 F.3d 1219, 1222 (9th Cir. 2010).

To support their § 523(a)(6) claim, the plaintiffs needed to show that the injury they incurred was both willful and malicious. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008). Under § 523(a)(6), a debtor has acted willfully only if he acted with the subjective intent to cause harm or with the subjective knowledge that harm was substantially certain to occur from his actions. Carrillo v. Su (In re Su), 290 F.3d 1140, 1144-45 (9th Cir. 2002). And a malicious injury requires: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." In re Barboza, 545 F.3d at 706.

While we agree with the bankruptcy court that the evidence presented at trial was quite thin, we cannot say that no reasonable trier of fact could have found for the plaintiffs on each of the elements necessary to establish nondischargeability under §§ 523(a)(2)(A) and (a)(6) if the ordinary preponderance of evidence standard had been applied. Put another way, if the bankruptcy court had applied the preponderance of the evidence standard correctly, it might have made different findings

13

regarding whether plaintiffs' damages were incurred as a result of conduct within the scope of either or both § 523(a)(2)(A) and (a)(6).

We are not saying that, on remand, the bankruptcy court must make different findings. We express no opinion on what findings the bankruptcy court ultimately should make on remand. Instead, we are merely saying that, before we can review the bankruptcy court's findings, we need to ensure that the bankruptcy court applied the ordinary preponderance of the evidence standard.

The plaintiffs' § 523(a)(4) claim is a different matter. In conjunction with their § 523(a)(4) claim for relief, the plaintiffs asserted that Blaskey committed defalcation while acting in a fiduciary capacity. However, the only type of fiduciary covered within the scope of § 523(a)(4) is the trustee of an express trust or a technical trust imposed before and without reference to any alleged wrongdoing by the debtor. In re Honkanen, 446 B.R. at 378-79. In California, unless an attorney holds funds in his or her client trust account on behalf of a client, the attorney is not a fiduciary within the meaning of § 523(a)(4). See Banks v. Gill Distrib. Ctrs., Inc. (In re Banks), 263 F.3d 862, 870-71 (9th Cir. 2001). Here, the plaintiffs presented no evidence indicating that any of the funds they paid to Blaskey were held in trust in Blaskey's client trust account.

Alternately, the plaintiffs asserted that Blaskey committed nondischargeable embezzlement, which also is covered by § 523(a)(4). For purposes of the nondischargeability statute, a claim based on embezzlement requires proof of:

14

> (1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which it was entrusted, and (3) circumstances indicating fraud.

Transam. Comm'l Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555 (9th Cir. 1991).  Here, the plaintiffs presented no evidence indicating that they intended to retain ownership of the funds they paid to Blaskey or that he used the funds for a purpose other than that which the plaintiffs intended the funds to be used.

In short, the plaintiffs did not present any evidence in support of essential elements of their § 523(a)(4) claim, and we can affirm the bankruptcy court's ruling in favor of Blaskey on the § 523(a)(4) claim on that basis.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's ruling on the plaintiffs' § 523(a)(4) claim.  However, we VACATE the bankruptcy court's ruling on the plaintiffs' §§ 523(a)(2)(A) and (6) claims, and we REMAND this matter for further proceedings consistent with this memorandum decision.

15